UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANGEL SIFUENTES,<br><br>     Plaintiff,<br><br>     v.<br><br>GOOGLE INC.,<br><br>     Defendant. | Case No.  22-cv-03102-JCS<br><br>**ORDER GRANTING MOTION TO VACATE ORDER COMPELLING ARBITRATION AND MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 33, 34 |

## I.      INTRODUCITON

Plaintiff David Angel Sifuentes, pro se, filed this case against Defendant Google[1] on May 26, 2022 asserting claims based on bills he received for Google Fi cell phone service, but after Google moved to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted, dkt. 16, Sifuentes moved to compel arbitration of his own claims and stay the case pursuant to an arbitration agreement purportedly included in Google's terms of use, dkt. 23.  Google did not oppose arbitration.  Dkt. 28.  On August 31, 2022, the Court granted Sifuentes's motion, denied without prejudice Google's motion to dismiss, stayed the case, and ordered Sifuentes "to file an arbitration demand in accordance with the terms of the parties' arbitration agreement no later than September 28, 2022."  Dkt. 30.  The Court admonished Sifuentes that if he failed to file a demand, the Court would "require Sifuentes to show cause why this case should not be dismissed for failure to prosecute and failure to follow a court order."  *Id.*  Sifuentes now moves for relief from that order and for leave to file an amended complaint in this Court.  For the reasons discussed below, Sifuentes's motions are GRANTED.

Sufficient cause having been shown, Sifuentes's motion for leave to excuse the late filing of a previous status report (dkt. 39) is also GRANTED.[2]

---

[1] Sifuentes names "Google Inc." as the defendant in his complaint (dkt. 1).  The defendant initially appeared as Google LLC, *see* dkt. 9, and later as Google North America Inc., *see* dkt. 16.
[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

United States District Court<br>Northern District of California

1    **II.    MOTION TO DISREGARD ARBITRATION**

2       On October 3, 2022, Sifuentes moved "to disregard arbitration and allow [his] case to

3    proceed in Federal Court," on the grounds that, unbeknownst to Sifuentes at the time of his motion

4    to compel arbitration, his Google Fi service was not subject to the same terms of use on which he

5    previously relied, and the applicable terms instead require litigation "exclusively in the federal or

6    state courts of Santa Clara County, California." Mot. to Disregard Arbitration (dkt. 33) & Ex. A.

7       Two days later, Google filed a status report attaching correspondence among Sifuentes,

8    Google, and the American Arbitration Association ("AAA"). Def.'s Status Report (dkt. 35). On

9    September 21, 2022, the AAA wrote to Sifuentes requesting additional information and payment

10   of a $200 filing fee:

11         • After reviewing the submission for a fee waiver on Case: 01-22-
12         0003-8355, the AAA has determined to deny your request for a
           hardship waiver. The appropriate filing fee of $200. For your
13         convenience, a paylink has been sent. Please follow the instructions
           on the link. Please note this Paylink will expire within 48 hours and
14         no PIN is required.

15         • We received an arbitration agreement providing for administration
           by the American Arbitration Association, however, California law is
16         specified in the contract and a copy of the entire contract, agreement,
           and/or purchase document in addition to the arbitration clause must
17         be provided. Kindly submit the contract in its entirety.

18   *Id.* Ex. A. Also on September 21, 2022, Sifuentes responded by email to the AAA stating that he

19   could not afford the filing fee and asking the AAA to "kindly explain [its] reasons for denying the

20   hardship so [Sifuentes] can explain it to the Judge in the case and proceed in Federal court." *Id.*

21   Ex. B. Sifuentes stated that he was attaching the arbitration clause to his email. *Id.* Later the

22   same day, he wrote to defense counsel asking for consent to proceed in federal court (and to file an

23   amended complaint) because he did not think he could proceed in arbitration and could not afford

24   the filing fee. *Id.* On October 4, 2022, the AAA closed Sifuentes case based on its conclusion that

25   it "does not have authority to arbitrate this case as [the AAA is] not named in the contract and or

26   the court order provided." *Id.* Ex. C.

27      Google opposes allowing Sifuentes to proceed in this forum instead of through arbitration.

28   Opp'n to Disregard Arbitration (dkt. 37). It contends that the AAA closed the arbitration because

United States District Court
Northern District of California

1   Sifuentes "cannot or is unwilling to pay the $200 arbitration fee, and because he failed to provide a

2   copy of his purchase contract to the [AAA]." *Id.*  In Google's view, Sifuentes has not shown

3   sufficient cause for his failure to comply with the AAA's requirements to justify allowing him to

4   "vacillate between litigation and arbitration" and imposing the burden of continued litigation on

5   Google. *Id.*  Google does not address Sifuentes's position that arbitration is not possible because

6   the Google Fi terms require litigation in court. *See id.*; *cf.* Mot. to Disregard Arbitration Ex. A.

7           While the record does not show conclusively whether Sifuentes submitted all relevant

8   documents to the AAA and whether his failure to pay the filing fee contributed to the decision to

9   dismiss his petition, the AAA's only stated basis for dismissal is that neither the relevant contract

10  nor this Court's order specifically called for arbitration by the AAA.  Google has offered no

11  evidence showing that, after the AAA ordered him to supplement his petition, Sifuentes failed to

12  submit relevant documents that would have persuaded the AAA to take the case if he had done so.

13  While the Court might nevertheless have discretion to hold Sifuentes to his previous choice to

14  arbitrate despite his failure to obtain relief in that forum, the Court declines to do so where the

15  record suggests that Sifuentes's failure to follow through on his choice to arbitrate stemmed from

16  his good faith mistake as to which of Google's terms of service governed his claim and the AAA's

17  refusal to take the case when the applicable terms did not provide for arbitration.  Sifuentes's

18  motion to "disregard arbitration," which the Court construes as a motion to vacate the previous

19  order compelling arbitration, is therefore GRANTED, and the stay imposed by that previous order

20  is lifted.

21  **III.    MOTION FOR LEAVE TO AMEND**

22          Sifuentes also moves for leave to amend his complaint.  Mot. for Leave to Amend (dkt.

23  34).  His proposed amended complaint, which he also later filed as a separate docket entry (dkt.

24  38), adds an assertion that Google's billing violated "Federal Communication Committee [sic[3]]

25  rules" and increases the relief requested.  Google argues that the substantive amendment is futile

26  because Sifuentes failed to identify any particular FCC rule that Google violated, that his request

27

28  _____

    [3] Presumably intended to refer to the Federal Communication Commission

United States District Court
Northern District of California

1    for increased punitive damages is futile because even his original punitive damages figure was

2    constitutionally impermissible, and that his request for court fees and costs is futile because

3    Sifuentes will not incur any such costs while litigating pro se and in forma pauperis.  In his reply,

4    Sifuentes clarifies that he intended to assert a claim for violation of 47 C.F.R. § 64.2401's truth-in-

5    billing requirements for telephone bills, and to pursue any relief that might be available to him

6    under the law.  Reply (dkt. 41) at 2–3.

7            Although the time for Sifuentes to amend by right under Rule 15(a)(1) of the Federal Rules

8    of Civil Procedure expired twenty-one days after Google's August 9, 2022 motion to dismiss,

9    Rule 15(a)(2) sets a liberal standard for granting leave to amend after that date, particularly with

10   respect to unrepresented litigations.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A

11   district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely

12   clear that the deficiencies of the complaint could not be cured by amendment.' " (citation

13   omitted)).  It is not "absolutely clear" that Sifuentes could not state a claim for violation of

14   § 64.2401.  Leave to amend is therefore GRANTED.  Rather than proceeding with his proposed

15   first amended complaint, however, Sifuentes is ordered file a second amended complaint more

16   clearly identifying all claims he wishes to assert and relevant factual allegations to support those

17   claims.

18           In reaching this decision, the Court has considered the arguments of Google's previous

19   motion to dismiss.  It is not obvious that the dismissal of Sifuentes's previous case in the Eastern

20   District of Michigan bars the regulatory claim he now intends to pursue.  While decisions by

21   federal courts dismissing in forma pauperis claims as frivolous under 28 U.S.C. § 1915 are

22   preclusive under the doctrine of res judicata with respect to future in forma pauperis claims,

23   *Kolocotronis v. Benefis Healthcare*, 360 F. App'x 860, 861 (9th Cir. 2009), and a decision finding

24   a lack of subject matter jurisdiction can be preclusive as to that issue in a future case, *Ruhrgas AG*

25   *v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999), the Michigan court dismissed Sifuentes's case

26   under a pre-filing review order specific to that court with no explicit reference to § 1915, and

27   Google has not addressed whether a decision finding no subject matter jurisdiction where the court

28   only acknowledged state law claims is preclusive as to a future complaint asserting violations of

United States District Court
Northern District of California

4

1    federal regulations.  Moreover, it is not clear that Sifuentes had a fair opportunity to litigate claims

2    not squarely presented by his original complaint in the Michigan case when that court dismissed

3    his case pursuant to a pre-filing review order and later held that, due to that procedural posture,

4    Sifuentes could not file a motion for leave to amend—without considering the merits of that

5    motion.  Def.'s Request for Judicial Notice (dkt. 16-1) Ex. E (order denying leave to amend in the

6    Eastern District of Michigan); *see United States v. Liquidators of Eur. Fed. Credit Bank,* 630 F.3d

7    1139, 1151 (9th Cir. 2011) (" '[A] critical predicate for applying claim preclusion is that the

8    claimant shall have had a fair opportunity to advance all its 'same transaction' claims in a single

9    unitary proceeding[.]' " (quoting *Dionne v. Mayor of Baltimore*, 40 F.3d 677, 683 (4th Cir.

10   1994))).  This is not to say that Google could not prevail on that argument, only that it is not clear

11   at this time that the new claim Sifuentes wishes to bring is barred, and Google should be prepared

12   to address these issues if it brings another motion to dismiss after Sifuentes amends his complaint.

13          Sifuentes's second amended complaint must comply with Rule 10 of the Federal Rules of

14   Civil Procedure, which—among other requirements—calls for the use of separately numbered

15   paragraphs.  Sifuentes should state all relevant factual allegations in short, numbered paragraphs,

16   followed by discrete statements of each legal claim he intends to pursue.  Sifuentes should also

17   take into account the arguments Google has raised thus far and only assert claims that he has a

18   good faith basis to believe would survive a motion to dismiss.

19   **IV.   CONCLUSION**

20          For the reasons discussed above, Sifuentes's motion to vacate the order compelling

21   arbitration and his motion for leave to amend are GRANTED.  Sifuentes shall file a second

22   amended complaint no later than January 13, 2022.

23          A case management conference will occur on March 3, 2022 at 2:00 PM via Zoom

24   videoconference.  The parties shall file either a joint case management statement or separate case

25   management statements no later than February 24, 2022.

26          Sifuentes is once again Sifuentes is encouraged to contact the Federal Pro Bono Project's

27   Pro Se Help Desk for assistance as he continues to pursue this case. Lawyers at the Help Desk can

28   provide basic assistance to parties representing themselves but cannot provide legal representation.

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    Sifuentes may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a

2    telephonic appointment.

3          **IT IS SO ORDERED.**

4    Dated: December 22, 2022

5                                                          _____

6                                                          JOSEPH C. SPERO
                                                           Chief Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28