**FILED**

Jan 9 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

DAVID ANGEL SIFUENTES III,
            Plaintiff,

V.

GOOGLE INC.,
            Defendant.
_____/

CASE NO. 22-CV-03102-JCS

HON.JOSEPH C. SPERO
U.S. MAGISTRATE JUDGE

RECEIVED

JAN 09 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



## AMENDED COMPLAINT AND MEMORANDUM OF LAW

Now Comes, Plaintiff, David Angel Sifuentes III, In Pro Se and submits this amended
complaint and memorandum of law and against Defendant Google Inc.,( GoogleFi) for violation
of the Federal Communication Committee rules for cell phone bill cramming, FCC truth in
billing, false advertising, potential future violation of the fair credit reporting act by concrete
injury of a lower credit score, Michigan consumer protection act, risk of present and future
retaliation by Google, doctrine of unclean hands, fraudulent misrepresentation, breach of
contract, negligent and or intentional infliction of emotional distress. Sifuentes has standing to
bring his data breach complaint. *See In re Zappos.com, Inc., 884 F.3d 893 (9th Cir. 2018),
Galaria v. Nationwide Mutual Insurance Co. No., 663 F.App'x 384 (6th Cir. 2016),* invasion of
privacy by public disclosure of private facts, negligence, negligent and or intentional infliction of
emotional distress, conversion (use of information without permission) breach of bailment,
failure to provide safeguard security measures and protection to Sifuentes for the breach, and risk
of future injury, and violation of the Gramm-Leach-Bliley Act, Fair Credit Reporting Act
(hereinafter (FCRA)) and Fair and Accurate Credit Transactions Act of 2003 (FACTA)., also the
Michigan Consumers Protection Act, violation of the Michigan Constitution Art 10, § 2 of
Michigan's 1963 Constitution where [p]rivate property shall not be taken for public use without
just compensation therefor being first made or secured in a manner prescribed by law, The
federal Trade Commission's Identity Theft Red Flag Rules, violation of the USA Patriot Act,
The health Insurance Portability and Accountability ACT (HIPPA),  Sifuentes seeks an award of
a refund of $200 and actual damages of $250,000 due to neglect and or intentional infliction of

emotional distress for being very mad and upset of Google misrepresentation of the bill and data breach and punitive damages, of $10,000,000 for the FCC and state violations concerning his phone bill and $15,000,00 for the data breach, for a total of $25,250,200 compensatory, exemplary, injunctive relief, special damages equitable and remedies available any other damages Sifuentes is entitled to. Sifuentes ask that this forum liberally construe his document and not fault him for not citing law, the correct legal theory under, *Haines v. Kerner, 404 U.S. 519 (1972).*

## FACTS AND LAW

### *Facts*

On are around February 2022 Sifuentes asked Google to place him on a lower plan that would save him money. Google placed him on a budget cell phone plan. However, the cell phone plan increased Sifuentes charges by $90.00 per month. Sifuentes contacted support and asked them to change him back to his original plan which was around $183.00 per month. Google advertised that the plan would save money and provide slower data that would stop any over charges if a customer which a certain amount of data. The unlimited plan had a fixed rate that only slows the data down after certain amount of usage. Google advertised the plan as the data would stop and not overcharge a customer over around 10 gigs of usage. However, Google never stated are provided sufficient information that any usage over 10 would increase a customer's bill.

After switching his plan back to the unlimited plan Google than went ahead and added the previous bill of the budget plan and the unlimited plan together casing a bigger bill over double the amount to around $270.00. Sifuentes contacted Google again around May 12, 2022 asking Google to adjust his bill. A representative informed Sifuentes that they are charging him a head that is in advance for the unlimited plan and his previous bill. Sifuentes asked the representative to adjust his bill and to speak with a Supervisor. No one contacted Sifuentes and the representative refused to assist Sifuentes with his bill. If Sifuentes bill is not paid it will be shut off within around 5 days of the bill being due which is around May 21, 2022. Sifuentes asked the representative to provide him with his GoogleFi account number, the representative refused,

informed Sifuentes that he cannot provide it, and he cannot only get t if he closes his account under Google's policy. More facts maybe discussed in this complaint.

Concerning the data breach. Sifuentes first learned of the breach around December 2022. See Exhibit A. Google has been breached numerous times since around 2009, and has never notified any Google users of the breach. Sifuentes has been a Google user since around 2010, and has used google and trusted the platform and email communication concerning his personal and private information. Google has not let Sifuentes or the public know about the data breach therefore still covering it up. Sifuentes personal information has been exposed for years.

### *Law and Memorandum*

### *Jurisdiction*

This court has jurisdiction of all civil matters as the damages are more than $76,000 28 U.S.C. § 1332. Although Sifuentes is seeking a refund of $200 and actual damages of $250,000 punitive damages can also be added for jurisdictional purposes. *Hayes v. Equitable Energy Res. Co., 226 F3d 560 (6th Cir. 2001).* Also this Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Sifuentes state law claims.

Sifuentes data breach claims are timely under "***common law and California delayed discovery rule***". *Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990); California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402 (9th Cir. 1995).* Sifuentes claims are timely under Michigan, law MCL 600.5805. Although data breaches have occurred more than once since around 2009  Sifuentes took reasonable steps of investigating the matter once she was put on notice of the and learned of the severability of the breach.  Also discovery of fraud is applicable in this matter, *Merck & co. v. Reynolds, 559 U.S. 633, 644 (2010): Cf: Rotkiske v. Klemm, 140 S.CT. 355 (2019), MCL 440.2201,* where Google took no action and covered up the breach, no notification was ever sent to Sifuentes to notify him of the breach. Sifuentes claims are timely under Michigan, law MCL 600.5805. Equitable tolling is applicable to all of Sifuentes claims as he was never notified by Google of the breach and is tolled, as he has been exercising due diligence in the investigation of his claims, MCL 600.5856, and still suffers harm of the breach

where his personal information where it is "fairly traceable" his personal information from Google had been on the dark web. Sifuentes personal information was stolen and was supposed to be protected under the _Gramm-Leach-Bliley Act 15 U.S.C. § 6801 et seq.._. Google has a duty to protect all sensitive data which they neglected to do so in this matter.

### _i. Violation cell phone bill cramming, FCC truth and billing false advertising, potential violation of the fair credit reporting act and violation of the Michigan Consumer Protection act, risk of present and future retaliation by Google, and doctrine of unclean hands, fraudulent misrepresentation, and breach of contract_

Google is in violation of the Federal Communication Committee rules by cell phone cramming Sifuentes phone bill and violating the FCC policy for truth-in-billing, by adding extra charges to his phone bill by adding his previous bill and forcing him to prepay his future bill making charges he cannot afford. Google has engaged in false and misleading adverting that the budget plan will save more money than the unlimited plan when in fact it can costs more than the unlimited . In this case the bill was increased to $90.00.  Sifuentes credit reports are subject to potential concrete injury by having his credit score lowered for potentially going in to default of his cell phone bill as Sifuentes cannot afford to pay the high bill, this will cause Sifuentes to pay higher interest rates and also late charges with Google.The federal law in support of the cell phone cramming bill refers to truth-in billing under the FCC that is 47 CFR § 64.2401.

In this case it is clear that Google has violated the truth-and-billing rule by imposing additional future charges on services not fully rendered and paying for data twice. See (Exhibit B, Pic of Plan for May 2022). Although Google says it is a onetime charge they have done this more than once and in fact have had other consumers complain about their services and charging to much for services See (Exhibit C, Google Fi reviews.). Sifuentes has provided support for punitive damages, and willful violation of federal law. _Rhynes v. Stryker Corp, 2011 WL 2149095, at *5 (N.D. Cal. May 31, 2011)_( Finding allegations in support of punitive damages). Sifuentes has provided concrete injury, _Transunion LLC v. Ramirez, 141 S.Ct. 1290 (2021)_, that he was billed more than once that is in advance and having his billed crammed.

Google has violated the Michigan Consumer protection Act by using unfair and deceptive means also falsely representing that Sifuentes would get a lower bill if he signed up for a budget phone bill plan.

Sifuentes also risks present and future retaliation by Google, by his account being closed and his cell phone being shut down more and being forced to not business with Google again.

Sifuentes also claims the doctrine of unclean hands, as he is acting in good faith and Google is acting in bad faith by requiring Sifuentes to be subject to a high bill and also late charges he cannot afford.

Google has cause injury to Sifuentes by way of fraudulent misrepresentation of facts that is informing Sifuentes he would save money by switching to their budget plan when in fact he ended up paying more money and having his cell phone bill cramped with additional charges and future payments. A party has standing and injury if they have been fraudulent misrepresentation of facts. See *Wilson v. Kiss, 751 F.Supp. 1249 (E.D. Mich. 1990).*

Google is in "breach of contract" by not honoring there terms also informing Sifuentes that his bill would not be charged additional charges if he switched back to the unlimited plan. There was meeting of the minds between Google when he was assured by the representative that no additional charges would occur.

### ii. "Negligent" and or "Intentional infliction of emotional distress".

Sifuentes suffers through "negligent" and or "intentional infliction of emotional distress" due to being worried, being scared, stressed out, confused and very mad and angry due to the bill being to high. Whether Google has caused emotional distress by negligent and or intentional Sifuentes. A party has standing and may seek damages for "negligent" and or "intentional infliction of emotional distress" for being angry. *Buchholz v. Meyer Njus Tanick, PA, 946 F. 3d 855 (6th Cir. 2020).* Sifuentes reserves the right to raise any additional claims are discuss, clarify facts.

### iii. Data breach violation, invasion of privacy by public disclosure of private facts, negligence, negligent and or intentional infliction of emotional distress, conversion (use of information without permission) breach of bailment, failure to provide safeguard security measures and protection to Sifuentes for the breach, and risk of future injury, and violation of the Gramm-Leach-Bliley Act, Fair Credit Reporting Act (hereinafter (FCRA)) and Fair and Accurate Credit Transactions Act of 2003 (FACTA)., also the Michigan Consumers Protection Act, violation of the Michigan Constitution Art 10, § 2 of Michigan's 1963 Constitution where

_[p]rivate property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law, The federal Trade Commission's Identity Theft Red Flag Rules, violation of the USA Patriot Act, The health Insurance Portability and Accountability ACT (HIPPA)._

Sifuentes has suffered invasion of privacy by public disclosure of private facts where his personal information was exposed has been stolen and taken without him knowing and without permission.  Sifuentes is going through negligent and intentional infliction of emotional distress as his personal information has been stolen for years plenty of time for hackers and cyber criminals to cause harm, in the hands of cyber criminals. The Google information can be used to obtain personal accounts read email from Gmail and yahoo and intercept personal information which exposes his social security number and banking account information from other banks access to Google pay and credit and debit cards also medical and subject to cyber criminal attacks. This is stressful and Sifuentes is very mad and scared as hackers can commit crimes with his personal information and payment information he used and has on file with Google. Sifuentes information is also on the dark web. Google was negligent and had carless security, measures. Sifuentes is going through negligent and intentional infliction of emotional distress as his personal information had been stolen. Google 'intentionally, willfully, recklessly, or negligently" failed to take sufficient measures to safeguard the data, and follow the guidelines of the Federal Trade Commission. In fact, it is "fairly traceable" cyber criminals have had access to Sifuentes data from Google. Sifuentes is scared as hackers can commit crimes with his personal information. Sifuentes information is also on the dark web.

Emails are linked to Sifuentes other accounts, which he submits personal information. This is private and no one would know personnel facts of Sifuentes concerning the info with Google.

These acts are bailment, failure to notify at all and or promptly of the breach and provide security measures and Protection to Sifuentes for the breach. The data is Sifuentes personal property that he entrusted and had stored and has stored with Google. As discussed Google has an express duty to take care of their account holders, under applicable state and federal laws. See Cal civil Code Sec. 1798.81.5(d)(1)(A); 1798.82;1798.29; MCL 445.72.

Sifuentes suffers future negligent and or intentional emotional distress and risk of future and ongoing injury the act occurred and has been occurring since around 2009 due to the breach as the personal information that was exposed and stolen from Google is "fairly traceable" to the breach. See *Galaria v. Nationwide Mutual Insurance Co., 663 F.App'x 384 (6th Cir. 2016)*.

Google violated the (FCRA) and (FACTA) by not taking measures to provide Sifuentes with paid services for identity monitoring, security freezes, compensation for defective customer support and care and providing a complimentary investigation report, also protecting all his data. Google compiles consumer data and financial information as defined by 15 U.S.C. § 1681a(p), that is a retail company in the business of selling paid accounts and the ability to provide refunds, and in the business of banking being a company that handles debit and credit card information they store on file for purchases. Personal banking and credit card information was stored with Google the email and password was also linked to online banking accounts, also under the *Gramm-Leach-Bliley Act* companies that store financial records Google had a duty to safeguard sensitive data.

This court has supplemental jurisdiction under 28 U.S.C. § 1367 of state law claims. See Cal civil Code Sec. 1798.81.5(d)(1)(A); 1798.82;1798.29 and Michigan Law MCL 445.72. Also violation of Michigan consumers Protection Act, by using deceptive tactics of the breach and Michigan Constitution Art 10, § 2 of Michigan's 1963 Constitution.

Sifuentes is at risk of "present and future retaliation" of Google by possibly seeking to knowing and intentionally violate any court rules in order to slander libel or defame, degrade and put down, knowingly throwing in and use inadmissible evidence with the court for the purpose of seeking and getting him to look bad before the Court, against Sifuentes character in any way and or refusing to do business for Sifuentes asserting his concerns.

Sifuentes also claims the doctrine of unclean hands, as he is acting in good faith and Google acted in bad faith concerning its security protocols, and not notifying Sifuentes of the breach.

Sifuentes is seeking $250,000.00 for actual damages for injuries caused by negligent intentional infliction of emotional distress such as being very mad, angry, and sacred, worried, nervous and has trouble sleeping and scared of what else hackers stole and can steal from his information, and still exposed on any Google platform or device, *Buchholz v. Meyer Njus Tanick, PA, 946 F. 3d 855 (6th Cir. 2020)*, and will do as they keep accessing his accounts and his information is in the dark web damages for intentional infliction for these acts and future acts or

appropriate in this matter. See e.g. *Greta L. Anderson v. American Airlines, 352 Fed.Appx. 182 (9th Cir. 2009); Baker v. Johnson Morrell & Co., 266 F.Supp.2d (N.D. Iowa 2003); Morgan v. New York life Insurance co., 559 f.3d 425, 443 (6th Cir. 2009).* Sifuentes reserves the right to assert and clarify additional claims.

Michigan Constitution Art 10, § 2 of Michigan's 1963 Constitution where [p]rivate property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. That Sifuentes private property his data, payment information email, password, and private information. See e.g. *Wayne Co. Hatcock, 471 Mich 445 (2004).*

Google has not followed the Federal Trade Commission's Identity Theft Red Flag Rules, which requires that Google take certain protocol to fix the data breach issues and there servers, also to notify every one of the exposure of data.

Also violation for tracking his private search and data when he used Google incognito mode. Google also violate his privacy by tracking data on his apps on his phone. Also posting and allowing private facts about his life to be placed on googles web browser without his consent are permission that is anything that is connected to Sifuentes in anyway, and should immediately be removed from simple online and Google searches.

Google has violated the USA patriot Act by the data breach which exposed his personal information along with millions of others of the breach leaving it subject to use and potential use by cyber criminals.

Google has violated the health Insurance Portability and Accountability ACT (HIPPA), which exposed email communications with physicians he emailed with Gmail or Yahoo or concerning anything about his health and private information which was exposed on Googles web browser Chrome.

***Punitive damages.***

Sifuentes seeks punitive damages of $10,000,000 as Google is in violation of federal law and cramming bill to not only Sifuentes but also unsuspected consumers. Also, the practice is illegal and harmed Sifuentes that he was forced to pay additional funds that he could barely afford, and did not have to under Federal law of the Federal Communication Committee. Punitive damages should be authorized because Google is willfully and knowing violating the rules of the

government and putting consumers as Sifuentes in a position to ether pay the unnecessary crammed phone bill are risk having phone service cut off. Such harm of bill cramming and violation of truth-in-billing causes harm to possible millions of consumers unaware of the harm caused by such charges.

Sifuentes seeks $ 15,000,000.00 regarding the data breach in exemplary, economic and noneconomic damages compensatory and punitive damages injunctive and declaratory relief as this is calculated from the fines and penalties associated from companies concealing data breaches from victims such as the Equifax data breach which settled for around $575,000,000, *In re: Equifax, Inc. Customer Data Security Breach litigation, Case no. 1:17-md-2800-TWT (N.D. Ga.)*, for failing to take action with data breach protocols. See e.g. *Philip Morris USA v. Williams, 549 U.S. 346 (2007)*. Also the $190 data breach settlement of Capital One

### RELIEF

**WHEREFORE,** Sifuentes **PRAYS** that this forum **AWARD** Sifuentes a refund of $200 and actual damages of $250,000 due to neglect and or intentional infliction of emotional distress for being very mad and upset of Google misrepresentation of the bill and data breach and punitive damages, of $10,000,000 for the FCC and state violations concerning his phone bill and $15,000,00 for the data breach, for a total of $25,250,200 compensatory, exemplary, injunctive relief, special damages equitable and remedies available any other damages Sifuentes is entitled to, in the alternative Sifuentes ask that he be given credit for the overcharges of his cell phone bill and be given a reasonable affordable budget plan, $150,000 and service paid to remove and protect his data from the dark web and exposure to cyber criminal.

Respectfully Submitted,

David Angel Sifuentes III
In Pro Se
439 More St. NE
Unit 2
Grand Rapids, MI 49503

Dated: January 3, 2023