Elliott Joh, Bar No. 264927
EJoh@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Attorneys for Defendant
 GOOGLE NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANGEL SIFUENTES, | Case No. 3:22-cv-03102-JCS |
| Plaintiffs, | **DEFENDANT GOOGLE NORTH AMERICA, INC.'S NOTICE OF MOTION AND RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| GOOGLE INC., | |
| Defendant. | |

Date:        March 31, 2023
Time:        9:30 a.m.
Judge:       Hon. Joseph C. Spero
Courtroom:   F-15th Floor

Action Filed:  May 26, 2022

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES TO BE DECIDED............................................................2

INTRODUCTION........................................................................................................2

RELEVANT FACTUAL BACKGROUND..................................................................3

I.   FED. R. CIV. P. 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ....................................................................................4

    A.   Plaintiff's Claims Are Barred by Res Judicata....................................................4

    B.   Sifuentes Cannot Meet the Jurisdictional Requirements of 28 U.S.C. § 1332......................................................................................................................8

    C.   Sifuentes Lacks Standing to Assert Claims Based on an Alleged Data Breach..................................................................................................................9

II.   FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED............................................11

    A.   Sifuentes's Original Claims Remain Deficiently Pled.......................................11

        1.   Sifuentes Cannot State a Claim Under the FCC's Truth-in-Billing Rules....................................................................................................11

        2.   Sifuentes's Unamended Claims Fail as a Matter of Law.......................12

    B.   Sifuentes' Data Breach Claims are Improper and Deficient.............................14

        1.   Sifuentes's Newly-Asserted Claims Exceed the Scope of the Court's Order Granting Leave to Amend..............................................14

        2.   Sifuentes Fails to Plead Any Cognizable Claim Related to the Alleged Data Breach........................................................................16

        3.   Sifuentes Fails to Allege Any Facts Supporting His Request for Punitive Damages.................................................................................20

CONCLUSION............................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abelyan v. OneWest Bank,*
2010 WL 11507582 (C.D. Cal. Sept. 27, 2010)...................................................................18

*Arden v. United States Sports Academy,*
2018 WL 4378774 (N.D. Cal. Feb. 6, 2018)...............................................................12, 19

*Bass v. Facebook, Inc.,*
394 F. Supp. 3d 1024 (N.D. Cal. 2019).................................................................9, 10

*Bem v. Stryker Corp.,*
2015 WL 4573204 (N.D. Cal. July 29, 2015)...............................................................20

*Cason v. California Check Cashing Stores,*
2013 WL 5609329 (N.D. Cal. Oct. 11, 2013) (Spero, J.)......................................................8, 9

*Cato v. U.S.,*
70 F.3d 1103 (9th Cir. 1995)....................................................................................7

*Cavaliere v. Comcast Cable Communications, LLC,*
2022 WL 824246 (M.D. Fla. Mar. 18, 2022).................................................................11

*Christ v. Trump,*
2022 WL 1446820 (N.D. Cal. Apr. 20, 2022)..............................................................7

*Damner v. Facebook, Inc.,*
2020 WL 7862706 (N.D. Cal. Dec. 31, 2020)..............................................................17

*Doe v. Henry Ford Health System,*
308 Mich. App. 592 (2014)...................................................................................16

*Drevaleva v. Glazer,*
2022 WL 767192 (N.D. Cal. Mar. 14, 2022).................................................................7

*Enwere v. Grant,*
2014 WL 262149 (N.D. Cal. Jan. 23, 2014)................................................................13

*Fontanez v. Facebook, Inc.,*
2021 WL 4133760 (N.D. Cal. Sept. 10, 2021)..............................................................14

*Gardner v. Health Net, Inc.,*
2010 WL 11597979 (C.D. Cal. Aug. 12, 2010)..............................................................17

*Gehron v. Best Reward Credit Union,*
2011 WL 976624 (S.D. Cal. Mar. 15, 2011).................................................................18

160814284.2

1

**TABLE OF AUTHORITIES (continued)**

2

**Page(s)**

3

*Giroux v. Essex Property Trust, Inc.*,

4

    2017 WL 1549477 (N.D. Cal. May 1, 2017)................................................................10

5

*Grant v. WMC Mortg. Corp.*,

    2010 WL 2509415 (E.D. Cal. June 17, 2010)..........................................................14, 17

6

*Greenstein v. Noblr Reciprocal Exchange*,

7

    585 F. Supp. 3d 1220 (N.D. Cal. 2022)..................................................................10

8

*Harris v. Toyota Motor Sales U.S.A.*,

9

    2021 WL 5889352 (N.D. Cal. Dec. 13, 2021) .........................................................9

10

*Hassan v. Facebook, Inc.*,

    2019 WL 3302721 (N.D. Cal. July 23, 2019)........................................................16

11

*Houston v. Scott*,

12

    2018 WL 4262419 (C.D. Cal. Aug. 10, 2018) .........................................................7

13

*In re Packaged Seafood Prods. Antitrust Litig.*,

14

    242 F. Supp. 3d 1033 (S.D. Cal. 2017) ...............................................................13

15

*In re Solara Medical Supplies, LLC Customer Data Security Breach Litig.*,

    -- F. Supp. 3d --, 2020 WL 2214152 (S.D. Cal. May 7, 2020)..............................13

16

*In the Matter of Gregory Manasher et al. Petition for Declaratory Ruling*,

17

    33 F.C.C. Rcd. 2737 (2018) ...............................................................................11

18

*Jacobsen v. Chex Systems, Inc.*,

19

    2017 WL 3059356 (N.D. Cal. July 19, 2017)....................................................12, 13

20

*Kolocotronis v. Benefis Healthcare*,

    360 Fed. App'x 860 (9th Cir. 2009).......................................................................6

21

*Kraft v. Office of the Comptroller of Currency*,

22

    2021 WL 1251393 (D.S.D. Apr. 5, 2021) .............................................................19

23

*Laws v. Michigan*,

    2022 WL 2176500 (D. Ariz. June 16, 2022)...........................................................7

24

*Lenz v. Global Tel Link Corp.*,

25

    2016 WL 11756196 (C.D. Cal. Mar. 28, 2016) ...................................................12

26

*McCullom v. Ahern*,

27

    2020 WL 8881622 (N.D. Cal. Apr. 29, 2020) ........................................................7

28

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*McKenzie v. Wells Fargo Bank, N.A.*,
  931 F. Supp. 2d 1028 (N.D. Cal. 2013)..................................................................14, 15

*Medical Supply Chain, Inc. v. US Bancorp, NA*,
  112 Fed. App'x 730 (10th Cir. 2004)...........................................................................19

*Mpoyo v. Litton Electro-Optical Sys.*,
  430 F.3d 985 (9th Cir. 2005)..........................................................................................6

*Mullan v. Daniels*,
  2020 WL 1043621 (N.D. Cal. Mar. 4, 2020)..........................................................14, 17

*Nitchman v. Union Pacific R. Co., Inc.*,
  2006 WL 3487712 (D. Colo. Dec. 1, 2006)...................................................................8

*Nyman v. Thomson Reuters Holdings, Inc.*,
  329 Mich. App. 539 (2019)...........................................................................................16

*Ortega v. Ritchie*,
  2018 WL 3744154 (N.D. Cal. Aug. 7, 2018).................................................................6

*Pantazis v. Fior D'Italia*,
  1994 WL 519469 (N.D. Cal. 1994)..............................................................................15

*Peguero v. Toyota Motor Sales, USA, Inc.*,
  2021 WL 2910562 (C.D. Cal. Apr. 26, 2021)..............................................................15

*Rankin v. Global Tel*Link Corporation*,
  2013 WL 3456949 (N.D. Cal. July 9, 2013)................................................................11

*Rhynes v. Stryker Corp.*,
  2011 WL 2149095 (N.D. Cal. May 31, 2011)..............................................................20

*Rindahl v. Noem*,
  2020 WL 6728840 (D.S.D. Nov. 16, 2020)..................................................................12

*Saloojas, Inc. v. Cigna Healthcare of California, Inc.*,
  2023 WL 1768117 (N.D. Cal. Feb. 3, 2023).................................................................15

*Seaton v. Mayberg*,
  610 F.3d 530 (9th Cir. 2010).........................................................................................20

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)...........................................................................................................9

160814284.2

1

**TABLE OF AUTHORITIES (continued)**

2

**Page(s)**

3

*Sterling Savings Bank v. Poulsen*,
      2013 WL 3945989 (N.D. Cal. July 29, 2013).......................................................................19

4

5

**STATUTES**

6

15 U.S.C. § 1681a(f).............................................................................................................18

7

15 U.S.C. § 1681a(p)...........................................................................................................18

8

15 U.S.C. § 1681c(g)............................................................................................................18

9

28 U.S.C. § 1332.............................................................................................................3, 8, 9

10

28 U.S.C. § 1915........................................................................................................... passim

11

28 U.S.C. § 1915(a)(3)..........................................................................................................5

12

Cal. Civ. Code § 3294(a)......................................................................................................20

13

Cal. Civ. Code § 3294(b)......................................................................................................20

14

California's False Advertising Law.......................................................................................12

15

California's Unfair Competition Law.....................................................................................12

16

Civ. Code § 1798.29.............................................................................................................17

17

Civ. Code § 1798.81.5..........................................................................................................17

18

Civ. Code § 1798.82.............................................................................................................17

19

Fair and Accurate Credit Transaction Act.............................................................................18

20

Fair Credit Reporting Act ("FCRA")...................................................................7, 12, 13, 18

21

Gramm-Leach-Bliley Act.....................................................................................................18

22

Health Insurance Portability and Accessibility Act ("HIPAA").....................................19, 20

23

Information Practices Act of 1977.........................................................................................17

24

Lanham Act..........................................................................................................................12

25

MCL 445.72..........................................................................................................................17

26

Michigan Consumer Protection Act......................................................................................13

27

28

160814284.2

1

**TABLE OF AUTHORITIES (continued)**

2

**Page(s)**

3

USA Patriot Act ........................................................................................................................19

4

**RULES**

5

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 12, 19

6

Fed. R. Civ. P. 9(b) ...............................................................................................................13

7

Fed. R. Civ. P. 10 .................................................................................................................2

8

Fed. R. Civ. P. 12(b)(1) .................................................................................................... 4, 9

9

Fed. R. Civ. P. 12(b)(6) ................................................................................... 11, 12, 14, 19

10

Fed. R. Civ. P. 41 .................................................................................................................7

11

**REGULATIONS**

12

47 C.F.R. § 64.2401 .................................................................................................... passim

13

47 C.F.R. § 64.6110 ............................................................................................................12

14

78 Fed. Reg. 23638 ............................................................................................................19

15

78 Fed. Reg. 23640 ............................................................................................................19

16

**OTHER AUTHORITIES**

17

Michigan Constitution, Article 10, Section 2 ....................................................................18

18

U.S. Constitution, Article III ................................................................................... 9, 11, 16

19

20

21

22

23

24

25

26

27

28

160814284.2

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

TO PLAINTIFF:

3

NOTICE IS HEREBY GIVEN that on March 31, 2023 at 9:30 a.m. or as soon thereafter

4

as the parties may be heard, before the Honorable Joseph C. Spero, in Courtroom F of the United

5

States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, Defendant

6

Google North America, Inc. (erroneously named as "Google Inc.") will and hereby does move the

7

Court to dismiss the plaintiff's Amended Complaint in its entirety.  Specifically, by this Motion,

8

Google seeks an order: (1) pursuant to Fed. R. Civ. P. 12(b)(1) dismissing the Complaint on res

9

judicata grounds, because the jurisdictional requirements of 28 U.S.C. § 1332 are not met, and

10

because Plaintiff lacks Article III standing; and (2) pursuant to Fed. R. Civ. P. 12(b)(6) dismissing

11

the Complaint for failure to state a claim upon which relief may be granted and for exceeding the

12

scope of the Court's order granting leave to amend.

13

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points

14

and Authorities contained herein, the Request for Judicial Notice and attached exhibits filed

15

herewith, any reply papers that may be submitted and on the arguments of the parties at any

16

hearing that may be held, all of the pleadings, files, and records in this proceeding, and any such

17

evidence as may later be submitted.

18

Dated:  February 22, 2023                               **PERKINS COIE LLP**

19

20

21

By: */s/ Elliott J. Joh*
      Elliott Joh, Bar No. 264927

22

23

Attorneys for Defendant
 GOOGLE NORTH AMERICA, INC.

24

25

26

27

28

160814284.2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Amended Complaint is barred by the doctrine of res judicata.

2.      Whether the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

3.      Whether Sifuentes has Article III standing to assert claims based on an alleged data breach.

4.      Whether the Amended Complaint fails to state a claim upon which relief may be granted.

5.      Whether the newly-asserted claims in the Amended Complaint exceed the scope of the Court's order granting leave to amend.

### INTRODUCTION

The Court has shown extraordinary leniency and patience in allowing Plaintiff David Angel Sifuentes III ("Sifuentes") to not only re-enter federal court, but also to file an amended complaint.  The Court cautioned, however, that Sifuentes' amended complaint:

> must comply with Rule 10 of the Federal Rules of Civil Procedure, which — among other requirements — calls for the use of separately numbered paragraphs.  Sifuentes should state all relevant factual allegations in short, numbered paragraphs, followed by discrete statements of each legal claim he intends to pursue. Sifuentes should also take into account the arguments Google has raised thus far and only assert claims that he has a good faith basis to believe would survive a motion to dismiss.

December 22, 2022 Order (Dkt. 42).

Sifuentes rewarded the Court's leniency and patience by not only completely ignoring the Court's instructions, but by also filing an Amended Complaint ("Compl.") that drastically deviates from what he represented to both Google and the Court that he intended to file.  As the Court noted in its Order, Sifuentes proposed to only "add[ ] an assertion that Google's billing violated 'Federal Communication Committee [sic] rules' and increase[ ] the relief requested." Dkt. 42, p. 3.  Sifuentes not only made that amendment, but also asserted no fewer than *15 additional claims* entirely unrelated to the issues raised in his original complaint — he now purports to bring numerous claims related to an alleged and unidentified Google + data breach.

-2-

160814284.2

1    This is a bait-and-switch, an abuse of the Court's goodwill, and his Amended Complaint

2    should be dismissed with prejudice.  The Amended Complaint and all claims asserted therein still

3    substantively fail to demonstrate this Court's jurisdiction, or to establish that he can assert any

4    claim whatsoever against Google.

5    First, Sifuentes's claims against Google —including his amended claim under 47 CFR §

6    64.2401 — are barred by the doctrine of res judicata, because the Eastern District of Michigan

7    already found those claims to be frivolous under 28 U.S.C. § 1915 and dismissed those claims

8    with prejudice.

9    Second, Sifuentes fails to demonstrate that the Court has subject matter jurisdiction

10    pursuant to 28 U.S.C. § 1332.

11    Third, Sifuentes does not have standing to assert any of his claims relating to an alleged

12    data breach.

13    Fourth, Sifuentes fails to state a single viable cause of action against Google.

14    Finally, Sifuentes's claims should be dismissed to the extent that the Court did not allow

15    him to assert those claims in granting him leave to amend.

16    For all the foregoing reasons, Google respectfully requests that the Court dismiss

17    Sifuentes's Amended Complaint and all claims asserted therein with prejudice.

18    **RELEVANT FACTUAL BACKGROUND**

19    This is Sifuentes's second attempt at filing this lawsuit.  His first attempt occurred on May

20    16, 2022, when he filed an almost identical complaint against Google in the Eastern District of

21    Michigan.[1]  *See* Request for Judicial Notice ("RJN"), Ex. A (Case No. 2:22-mc-50916-SJM-

22    KGA, May 16, 2022 Complaint).  In that case — as in this case — Sifuentes alleges that he

23    requested Google to put him on a lower-cost cell phone plan.  *Id.*; Dkt. 45.  Because the lower-

24    cost plan allegedly increased his costs by $90, he requested to switch back.  *Id.*  Google then

25

26

_____

27    [1] Plaintiff named "Google Inc." as the defendant in this lawsuit, which was previously
assumed to refer to Google LLC.  Dkt No. 1.  It is now understood that Plaintiff's dispute is with
Google North America, Inc., which provides Google Fi services and is a wholly-owned
28    subsidiary of Google LLC.  *See* RJN, Ex. G.

GOOGLE'S MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 3:22-CV-03102-JCS

160814284.2

1   allegedly combined the charges from the two plans into a single bill. *Id.* Because Google

2   allegedly failed to adjust Sifuentes's bill to remove the new charges, he filed suit. *Id.*

3       The Eastern District of Michigan immediately dismissed Sifuentes's complaint on the

4   grounds that Sifuentes is an "enjoined filer" and because the court "reviewed the proposed

5   complaint [Sifuentes] filed and [found] the complaint [to be] frivolous." RJN, Ex. B (Case No.

6   2:22-mc-50916-SJM-KGA, May 17, 2022 Order). Furthermore, the court found that Sifuentes's

7   purported damages "are a few hundred dollars from paying more for his cell phone plan," and

8   thus Sifuentes "cannot in good faith claim that his damages exceed $75,000 and thus fall within

9   the Court's diversity jurisdiction." *Id.* The court thus dismissed the complaint, denied Sifuentes

10  leave to appeal in forma pauperis, and issued a final order that closed the case. *Id.*

11      In response, Sifuentes filed a motion for leave to amend his complaint and a motion for

12  relief from judgment. RJN, Ex. C (Motion for Leave to Amend Complaint); Ex. D (Motion for

13  Relief from Judgment). On May 20, 2022, the court denied both motions, *see* RJN, Ex. E (May

14  20, 2022 Order Denying Motion for Leave to Amend Complaint and Motion for Relief from

15  Judgment), and further barred Sifuentes from using the court's pro se portal:

16          Plaintiff David Angel Sifuentes, III is an enjoined filer. Plaintiff
            has filed ten complaints this very week. Plaintiff is using the pro se
17          portal to file many of the complaints and motions.

18          Put simply, Plaintiff's conduct is vexatious and an abuse of the pro
            se portal. The Court will thus bar Plaintiff from submitting filings
19          to the Clerk of the Court through the pro se portal. The Court will
            order the Clerk of the Court to strike any filings from Plaintiff that
20          he submits through the pro se portal.

21  RJN, Ex. F (May 20, 2022 Order Barring Plaintiff from Submitting Filings Through the Pro Se

22  Portal) (internal citation omitted). Undeterred by this result, Sifuentes re-filed his complaint in

23  this Court less than a week later. Dkt. 1 (May 26, 2022 Complaint).

24  **I.    FED. R. CIV. P. 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT
            MATTER JURISDICTION**
25

26      **A.    Plaintiff's Claims Are Barred by Res Judicata**

    Google previously moved to dismiss Sifuentes's claims asserted in his initial Complaint as
27

28  barred by res judicata. Dkt. 16. In its Order granting Sifuentes leave to amend, the Court did not

-4-

160814284.2

take a position as to whether Sifuentes's original claims were barred, but provided the following

guidance regarding the additional claim alleging a violation of 47 CFR § 64.2401 that Sifuentes

intended to assert:

> It is not obvious that the dismissal of Sifuentes's previous case in the Eastern District of Michigan bars the regulatory claim he now intends to pursue.  While decisions by federal courts dismissing in forma pauperis claims as frivolous under 28 U.S.C. § 1915 are preclusive under the doctrine of res judicata with respect to future in forma pauperis claims, and a decision finding a lack of subject matter jurisdiction can be preclusive as to that issue in a future case, the Michigan court dismissed Sifuentes's case under a pre-filing review order specific to that court with no explicit reference to § 1915, and Google has not addressed whether a decision finding no subject matter jurisdiction where the court only acknowledged state law claims is preclusive as to a future complaint asserting violations of federal regulations.

> Moreover, it is not clear that Sifuentes had a fair opportunity to litigate claims not squarely presented in his original complaint in the Michigan case when that court dismissed his case pursuant to a pre-filing review order and later held that, due to that procedural posture, Sifuentes could not file a motion for leave to amend - without considering the merits of that motion.  This is not to say that Google could not prevail on that argument, only that it is not clear at this time that the new claim Sifuentes wishes to bring is barred, and Google should be prepared to address these issues if it brings another motion to dismiss after Sifuentes amends his complaint.

Dkt. 42, pp. 4-5 (internal citation omitted).

Google responds to each of the Court's points in turn.  First, Google respectfully disagrees

that the Eastern District of Michigan made "no explicit reference to § 1915" when dismissing

Sifuentes's claims.  That Court in fact specifically referenced that statute when it stated in its

dismissal order that it "will [ ] dismiss the complaint and will deny [Sifuentes] leave to appeal in

forma pauperis because he cannot take an appeal in good faith.  *See* 28 U.S.C. § 1915(a)(3)."

RJN, Ex. B.  Furthermore, the Court made clear that it had "reviewed the proposed complaint

[Sifuentes] filed and the complaint is frivolous."  *Id.*

Second, because the Eastern District of Michigan's dismissal order was based on a finding

of frivolousness under 28 U.S.C. § 1915, the preclusive effect of its order is not limited to the

exact claims that were asserted, or to claims that arise under state law.  Rather, Sifuentes is barred

from asserting "not only every claim that was raised in the earlier action but also . . . every legal

theory or ground for recovery that might have been raised in support of the granting of the desired relief." *See Ortega v. Ritchie*, 2018 WL 3744154, at *2 (N.D. Cal. Aug. 7, 2018) ("A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory.").

Finally, Sifuentes did have a fair opportunity to litigate the 47 CFR § 64.2401 claim he now intends to assert. He in fact asserted it in the Michigan complaint; the only difference now is that Sifuentes has identified the federal regulation that that claim arises under. *Compare* RJN, Ex. A, p. 2 ("Google is in violation of cell phone cramming Sifuentes phone bill by adding extra charges to his phone bill by adding his previous bill and forcing him to prepay his future bill making charges he cannot afford.") *with* Dkt. 45, p. 4 ("Google is in violation of ***the Federal Communication Committee rules by*** cell phone cramming Sifuentes phone bill ***and violating the FCC policy for truth-in-billing***, by adding extra charges to his phone bill by adding his previous bill and forcing him to prepay his future bill making charges he cannot afford. . . . ***The federal law in support of the cell phone cramming bill refers to truth-in-billing under the FCC that is 47 CFR § 64.2401.***") (emphasis added). In other words, Sifuentes already litigated his 47 CFR § 64.2401 claim, and the Eastern District of Michigan found it to be frivolous.

Thus, Sifuentes's claim alleging a violation of 47 CFR § 64.2401, along with the rest of his original claims, is barred by res judicata. For the sake of completeness, Google re-asserts its res judicata arguments with respect to the rest of Sifuentes's original claims:

The Eastern District of Michigan's determination that Sifuentes's claims against Google are "frivolous" and its dismissal of those claims with prejudice prevents Sifuentes from re-litigating those claims here. *See Kolocotronis v. Benefis Healthcare*, 360 Fed. App'x 860, 861 (9th Cir. 2009) (affirming dismissal of complaint because plaintiff "raised the same claims against defendants and their privies in a prior federal action that was dismissed as frivolous under [28 U.S.C. § 1915]"). Each of the elements of res judicata — (1) the earlier lawsuit involving the same claim or cause of action as the later lawsuit, (2) a final judgment on the merits, and (3) identical parties or privies in both lawsuits — are satisfied. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

First, the Amended Complaint is "essentially a copy-and-paste job of the complaint that was before" the Eastern District of Michigan. *Laws v. Michigan*, 2022 WL 2176500, at \*2 (D. Ariz. June 16, 2022) (dismissing pro se complaint filed under 28 U.S.C. § 1915 on res judicata grounds).  Although there are superficial differences between the two complaints, and additional legal theories asserted in this case, *compare* RJN, Ex. A *with* Dkt. 45, it is apparent that both "arise out of the same transactional nucleus of facts."  *Laws*, 2022 WL 2176500, at \*2; *see also Houston v. Scott*, 2018 WL 4262419, at \*5 (C.D. Cal. Aug. 10, 2018) (same); *Christ v. Trump*, 2022 WL 1446820, at \*3 (N.D. Cal. Apr. 20, 2022) (holding that in forma pauperis complaint was barred by res judicata because plaintiff's previous complaint was "based on the same conduct") (Spero., J.).  In fact, the two complaints have word-for-word *identical* factual background sections relating to the alleged cell phone cramming and allegations regarding Sifuentes's false advertising, FCRA, MCPA, and retaliation claims.

Second, the Eastern District of Michigan's order dismissing Sifuentes's claims with prejudice operated as a final judgment on the merits.  *See Laws*, 2022 WL 2176500, at \*2 ("'Final judgment on the merits' is synonymous with 'dismissal with prejudice.'") (internal citation omitted); *Drevaleva v. Glazer*, 2022 WL 767192, at \*6 (N.D. Cal. Mar. 14, 2022) ("Rule 41 of the Federal Rules of Civil Procedure provides that *any* dismissal — except one for lack of jurisdiction, improper venue, or failure to join a party, or a dismissal order that specifically states otherwise — operates as an adjudication on the merits.") (emphasis in original).  The Eastern District of Michigan's order dismissing Sifuentes's case with prejudice would be "toothless if [he] could simply pursue the same claims in a new action."  *Drevaleva*, 2022 WL 767192, at \*6.

Finally, the parties in both cases are exactly identical: Sifuentes and Google.

Thus, all of the elements of res judicata are met, and the claims that the Court allowed Sifuentes to assert in an amended complaint should be dismissed with prejudice.[2]

---

[2] Sifuentes's "duplicative or repetitious litigation of virtually identical causes of action" also makes those causes of action "subject to dismissal under 28 U.S.C. § 1915 as malicious." *McCullom v. Ahern*, 2020 WL 8881622, at \*1 (N.D. Cal. Apr. 29, 2020) ("An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.") (citing *Cato v. U.S.*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)).

**B.     Sifuentes Cannot Meet the Jurisdictional Requirements of 28 U.S.C. § 1332**

Even assuming the Complaint is not barred by res judicata (it is), it would still fail to meet the requirements of 28 U.S.C. § 1332, which is the only asserted basis for federal subject matter jurisdiction.  Dkt. 45, p. 3.

As an initial matter, Sifuentes improperly included a prayer of "actual damages of $250,000 due to neglect and or intentional infliction of emotional distress" in his Amended Complaint.  He did not seek, and the Court did not grant him leave, to make this amendment. Dkt. Nos. 34, 38, 42.  Sifuentes also improperly added a prayer for $15,000,000 in punitive damages relating to his newly asserted data breach claims; Sifuentes likewise did not seek, and the Court did not grant leave, for Sifuentes to add those additional claims and prayer for punitive damages.  *Id.*  Thus, those unauthorized amendments should be stricken, and should not be considered in determining whether Sifuentes has met the amount in controversy requirement of 28 U.S.C. § 1332.  *See Nitchman v. Union Pacific R. Co., Inc.*, 2006 WL 3487712, at *2 (D. Colo. Dec. 1, 2006) ("Plaintiff did not seek leave to amend his Complaint in any manner other than as contemplated in his Third Amended Complaint as attached to his Amended Motion for Leave to Amend.  Defendant received an opportunity to object to the sufficiency of those allegations, unlike the new allegations raised by Plaintiff in his newly-filed Third Amended Complaint.  Accordingly, the Court finds the liberties Plaintiff took in adding new allegations to his Complaint to be inappropriate, without first seeking leave to amend.").

With respect to the amount of damages that the Court authorized Sifuentes to assert, it is plain that Sifuentes cannot satisfy the $75,000 amount-in-controversy requirement, despite his allegation that he "seeks an award of a refund of $200" and $10,000,000 in punitive damages. Dkt. 45.  This Court has explained that "courts must scrutinize a claim closely where a claim for punitive damages makes up the bulk of the amount in controversy."  *See Cason v. California Check Cashing Stores*, 2013 WL 5609329, at *3 (N.D. Cal. Oct. 11, 2013) (Spero, J.) (internal quotation omitted).  Here, the amount of punitive damages not only makes up the bulk of the amount in controversy, it exceeds the amount of compensatory damages by a ratio of 50,000 to 1.

1   According to this Court, "a ratio of more than 10 to 1 between punitive and compensatory

2   damages is presumed constitutionally excessive in California." *Id.*

3         The Complaint does not contain any allegations regarding Google's conduct that would

4   entitle Sifuentes to any amount of punitive damages, let alone punitive damages in excess of the

5   10 to 1 ratio.  And even a 10 to 1 ratio would allow for an award of only $2,000 in punitive

6   damages, assuming Sifuentes were to prevail on the merits.  Thus, it is clear to a legal certainty

7   that the Complaint does not satisfy the jurisdictional minimum for diversity jurisdiction.  *See*

8   *Cason*, 2013 WL 5609329, at *3 (dismissing complaint that alleged $3,960 in actual damages and

9   $10M in punitive damages).

10         Furthermore, the Complaint "includes no allegations of the citizenship of any party."

11   *Harris v. Toyota Motor Sales U.S.A.*, 2021 WL 5889352, at *2 (N.D. Cal. Dec. 13, 2021)

12   ("Without more, [plaintiff's] address does not necessarily establish that he is domiciled in [a

13   particular state].") (Spero, J.).  Sifuentes's failure to allege facts showing complete diversity of

14   citizenship between the parties means that he cannot establish subject matter jurisdiction under 28

15   U.S.C. § 1332.  *Id.* (dismissing complaint for lack of subject matter jurisdiction because plaintiff

16   "has not met his burden to show that jurisdiction for this case lies under § 1332").

17         Accordingly, because Sifuentes fails to demonstrate that there is both complete diversity

18   of citizenship between the parties and that the amount in controversy exceeds $75,000, the

19   Complaint should be dismissed for lack of subject matter jurisdiction.

20        **C.**     **Sifuentes Lacks Standing to Assert Claims Based on an Alleged Data Breach**

21         Sifuentes's newly asserted claims relating to an alleged data breach — to the extent the

22   Court allows them to proceed — fails due to his lack of Article III standing.  In order to

23   demonstrate such standing, Sifuentes must allege facts showing "an injury [that is] concrete,

24   particularized, and actual or imminent; fairly traceable to the challenged action; and redressable

25   by a favorable ruling." *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1033 (N.D. Cal. 2019).  If

26   Sifuentes fails to meet this pleading burden, "the lawsuit must be dismissed under Rule 12(b)(1)."

27   *Id.* (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-110 (1998)).

28

160814284.2

1    Sifuentes's Amended Complaint demonstrates that he cannot meet that burden.  First,

2    Sifuentes cannot demonstrate that he suffered any injury-in-fact because he does not allege any

3    facts showing that he "suffered 'an invasion of a legally protected interest' that is 'concrete and

4    particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Giroux v. Essex*

5    *Property Trust, Inc.*, 2017 WL 1549477, at *2 (N.D. Cal. May 1, 2017).  Specifically, he has not

6    pled any facts showing that his personal information was actually exposed or stolen, or what

7    kinds of personal information were exposed or stolen.  It is impossible to determine whether

8    Sifuentes has incurred any injury-in-fact without those factual details.  *See Greenstein v. Noblr*

9    *Reciprocal Exchange*, 585 F. Supp. 3d 1220, 1228-29 (N.D. Cal. 2022) (finding that "because the

10   exposed PI was limited only to Plaintiffs' names, address, and driver's license numbers, the Court

11   finds that Plaintiffs have not sufficiently alleged the credible threat of future identity theft needed

12   to plead injury in fact").

13   Even assuming that his personal information was either exposed, stolen, or on the dark

14   web, Sifuentes has not alleged any facts showing that those alleged injuries are "fairly traceable"

15   to any alleged Google + data breach that is described in the exhibits to his declaration.  Dkt. 45-1.

16   In fact, he does not even identify which alleged data breach he is referring to or when it occurred

17   — there are several that are described in the exhibits to his Declaration.  *Id.*  Critically, those

18   exhibits state that only Google + members were affected by the alleged data breaches, but

19   ***Sifuentes does not allege that he was a Google + user***.  *Id.*, Ex. A, p. 1 ("As far as we can tell,

20   there have been no known breaches involving Google or its parent company, Alphabet, so far in

21   2022.").  Sifuentes does not provide any other facts showing that any alleged exposure or theft of

22   his data can be traced to any alleged data breach involving Google.  *See Bass*, 394 F. Supp. 3d at

23   1036 ("What forecloses plaintiff Bass from establishing standing here is that none of the

24   circumstantial evidence he provides plausibly connects to the data breach.  Either the facts do not

25   trace to the data breach at all or are so common the infinite possibilities forecloses plausibility.").

26   Sifuentes cannot "merely assume he was a victim through facts that do not trace to the data

27   breach and through occurrences so common the link to the data breach is merely possible."  *Id.*

28

160814284.2

For all the foregoing reasons, Sifuentes cannot establish Article III standing with respect to his improper data breach claims, and those claims should be dismissed with prejudice.

## II.   FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.   Sifuentes's Original Claims Remain Deficiently Pled

In addition to the jurisdictional deficiencies that bar Sifuentes's claims as a matter of law, none of those claims are sufficiently pled.

#### 1.   Sifuentes Cannot State a Claim Under the FCC's Truth-in-Billing Rules

The Court allowed Sifuentes to amend his "cell phone cramming" claim to specify that the claim arises under 47 C.F.R. § 64.2401, but it is evident that even with that amendment, Sifuentes cannot state a cognizable claim.

Sifuentes alleges that Google violated 47 C.F.R. § 64.2401 by "adding extra charges to his phone bill," Compl., p. 4, but the "Truth-in-Billing rules focus on the format and clarity of a consumer bill, and do not reach the actual bill charge." *In the Matter of Gregory Manasher et al. Petition for Declaratory Ruling*, 33 F.C.C. Rcd. 2737, 2743 (2018); *see also Rankin v. Global Tel*Link Corporation*, 2013 WL 3456949, at *15 (N.D. Cal. July 9, 2013) (holding that 47 C.F.R. § 64.2401 "only addresses the *organization* of bills; it does not reflect any determination as to whether the charges themselves are 'just and reasonable' under any particular circumstances") (Spero, J.); *Cavaliere v. Comcast Cable Communications, LLC*, 2022 WL 824246, at *4 (M.D. Fla. Mar. 18, 2022) ("Section 64.2401 sets forth how a telephone bill must be organized and what content must be contained within a telephone bill.").

In other words, Sifuentes's allegations that Google "impos[ed] additional future charges" does not state a claim under 47 C.F.R. § 64.2401, because such allegations are immaterial to the format, organization, and clarity of Sifuentes's telephone bill. *See Cavaliere*, 2022 WL 824246, at *4 (dismissing 47 C.F.R. § 64.2401 claim alleging that plaintiff was charged "an incorrect amount of an 'equipment fee'" because plaintiff "does not allege what charges in his Comcast telephone bill were unclear and violative of the Truth-in-Billing rules"). Sifuentes does not otherwise "allege that the phone bills failed to identify the service provider, adequately describe

1  the services billed, identify the charges for which nonpayment will result in disconnection, or

2  provide contact information to contest charges." *Lenz v. Global Tel Link Corp.*, 2016 WL

3  11756196, at *3 (C.D. Cal. Mar. 28, 2016) (dismissing claim asserted under 47 C.F.R. § 64.2401

4  for failure to allege any cognizable violation); *see also Rindahl v. Noem*, 2020 WL 6728840, at *7

5  (D.S.D. Nov. 16, 2020) (finding that plaintiff "does not state a claim under 47 C.F.R. §§ 64.2401

6  and 64.6110 because he does not allege that GTL failed to disclose or describe the FUSF fee in

7  his billing statements."). Thus, Sifuentes's 47 C.F.R. § 64.2401 claim should be dismissed with

8  prejudice.

9             **2.        Sifuentes's Unamended Claims Fail as a Matter of Law**

10         The rest of Sifuentes's originally asserted claims remain deficient on the grounds raised in

11  Google's initial Motion to Dismiss. Thus, Google reasserts its arguments in its original motion

12  here:

13         First, several of the "claims" Sifuentes asserts against Google are not cognizable claims at

14  all. Specifically, Sifuentes does not identify any statute or other law that recognizes "risk of

15  present and future retaliation," and "doctrine of unclean hands" as causes of action. Sifuentes's

16  claim for "false advertising" is closer to the mark, but still fails because it is impossible to

17  determine from the Complaint whether Sifuentes is asserting a claim under California's Unfair

18  Competition Law, California's False Advertising Law, the Lanham Act, or some other statute or

19  common law.[3] *See Arden v. United States Sports Academy*, 2018 WL 4378774, at *3 (N.D. Cal.

20  Feb. 6, 2018) (recommending that claim asserted by pro se plaintiff be dismissed because

21  "Plaintiff has not identified any specific law in connection with this claim, [and] it [thus] does not

22  meet the requirements of 28 U.S.C. § 1915, Rule 12(b)(6) of the Federal Civil Procedure, or Rule

23  8(a)(2) of the Federal Rules of Civil Procedure") (Spero, J.).

24         Second, Sifuentes fails to state a claim under the Fair Credit Reporting Act because none

25  of his allegations "show[ ] what [Google] did or did not do that violates the FCRA." *Jacobsen v.*

26

27  ───────────────
   [3] Although Sifuentes does not identify the state law governing his common law claims, the
   Google Fi Terms of Service provide that "the laws of California, U.S.A., excluding California's
   conflict of laws rules, will apply to any dispute arising out of or relating to these terms or the

28  Services." RJN, Ex. G (GoogleFi TOS).

*Chex Systems, Inc.*, 2017 WL 3059356, at *3 (N.D. Cal. July 19, 2017) (dismissing FCRA claim because plaintiff failed to "say plainly who [defendant] is, what it did, and how it violated the [FCRA]").  Sifuentes's allegation that his "credit reports are subject to potential concrete injury by having his credit score lowered for potentially going in to default of his cell phone bill" does not, without more, state a FCRA violation.  *Id.* (explaining that FCRA creates a private right of action due to a "furnisher's" negligent and willful noncompliance with certain obligations triggered "upon notice of a dispute").

Third, Sifuentes's Michigan Consumer Protection Act and fraudulent misrepresentation claims — which are both predicated on a single allegation that Google represented that Sifuentes would save money if he switched to a budget cell phone plan — are not pled with particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1076 (S.D. Cal. 2017) (holding that "Rule 9(b)'s heightened pleading standard applies" to a MCPA claim).  Sifuentes's Amended Complaint not only fails to plead the "circumstances constituting fraud or mistake" such as "the time, place, and specific content of the false representations at issue," it also fails to allege that Sifuentes was ever exposed to such false representations.  *See In re Solara Medical Supplies, LLC Customer Data Security Breach Litig.*, -- F. Supp. 3d --, 2020 WL 2214152, at *9 (S.D. Cal. May 7, 2020).  That is fatal to his fraud-based claims.  *Id.* at *10, *13 (dismissing fraudulent misrepresentation and MCPA claims due to plaintiffs' failure to allege exposure to false representations).

Fourth, Sifuentes cannot state a breach of contract claim because he does not allege facts showing that the elements of that claim are met.  *See Enwere v. Grant*, 2014 WL 262149, at *3 (N.D. Cal. Jan. 23, 2014) (dismissing breach of contract claim because "Plaintiff has not pled facts to satisfy any one of the elements of a breach of contract claim.") (Spero, J.).  Specifically, Sifuentes "has not alleged that there was a contract or that [Google] breached the contract." *Id.* Sifuentes "has also not alleged that [ ]he performed [his] obligations on the contract and that [he] was damaged by [Google's] breach." *Id.*  Sifuentes's bare allegations that the parties had a "meeting of the minds" and that Google did not "honor there [sic] terms" do not suffice.  *See*

-13-

1  *Fontanez v. Facebook, Inc.*, 2021 WL 4133760, at *2 (N.D. Cal. Sept. 10, 2021) (allegation that

2  parties had a "legal binding contract" with "breach on Defendants part" found to be insufficient)

3  (Spero, J.).

4      Finally, Sifuentes's claims for negligent and intentional infliction of emotional distress

5  fail for separate reasons.  Sifuentes cannot state a claim for intentional infliction of emotional

6  distress because his Complaint does not demonstrate either (1) "extreme and outrageous conduct"

7  by Google "so extreme as to exceed all bounds of that usually tolerated in a civilized community"

8  or (2) emotional distress "of such substantial quantity or enduring quality that no reasonable man

9  in a civilized society should be expected to endure it."  *Grant v. WMC Mortg. Corp.*, 2010 WL

10  2509415, at *2 (E.D. Cal. June 17, 2010) (internal citation and quotation omitted).

11      Sifuentes's claim for "negligent infliction of emotional distress" — which is not a tort

12  distinct from negligence — fails because he does not identify any duty by Google that was

13  allegedly breached.  *See Mullan v. Daniels*, 2020 WL 1043621, at *3 (N.D. Cal. Mar. 4, 2020)

14  (dismissing negligent infliction of emotional distress claim because "Plaintiff alleges no duty or

15  breach of duty").

16      **B.    Sifuentes's Data Breach Claims are Improper and Deficient**

17      Sifuentes's newly-asserted claims relating to an alleged data breach should be dismissed

18  for exceeding the scope of the Court's Order granting leave to amend.  Even if the Court were to

19  entertain those improper amendments, Sifuentes fails to plead any facts showing that he has a

20  cognizable claim.

21      **1.    Sifuentes's Newly-Asserted Claims Exceed the Scope of the Court's
         Order Granting Leave to Amend**

22

23      This Court has held that a Rule 12(b)(6) motion is the proper procedural means for

24  dismissing claims that are asserted in violation of a Court's order granting leave to amend.  *See*

25  *McKenzie v. Wells Fargo Bank, N.A.*, 931 F. Supp. 2d 1028, 1041 (N.D. Cal. 2013) ("Wells

26  Fargo's argument is based on the theory that the Court did not grant Plaintiffs leave to amend

27  those claims or that those claims are insufficient as a matter of law.  In light of *Whittlestone*, the

28

160814284.2

1   Court will treat the Motion as a motion to dismiss to the extent that it seeks dismissal of

2   Plaintiffs' claims.").  (Spero, J.).

3         In this case, Sifuentes represented to both the Court and to Google in two separate filings

4   that his proposed amendments would only consist of:  (1) a clarification that his cell phone

5   cramming claim arose under 47 C.F.R. § 64.2401; (2) an increase of his prayer for punitive

6   damages from $125,000 to $10,000,000; and (3) a prayer to recover his court fees and costs.  Dkt.

7   34-1; Dkt. 38.  Based on those representations, Google made its arguments in opposition, and the

8   Court granted Sifuentes leave to amend.  Dkt. 36; Dkt. 42.

9         Sifuentes responded by filing an Amended Complaint that added no fewer than 15

10  additional claims for which he did not seek, and for which the Court did not grant, leave to

11  include.  Neither Google nor the Court had any opportunity to consider the propriety of these

12  amendments.  That is reason alone to dismiss Sifuentes's newly-asserted claims.  *See McKenzie*,

13  931 F. Supp. at 1042 ("The amended and new allegations . . . are clearly beyond the limited scope

14  of the leave to amend.  Leave to amend was granted on the kickback theory alone.  Plaintiffs were

15  permitted leave to amend their factual allegations to support that theory.  The excessive insurance

16  theory was dismissed with prejudice.  For that reason, the Motion to Dismiss the TAC is

17  granted."); *Saloojas, Inc. v. Cigna Healthcare of California, Inc.*, 2023 WL 1768117, at *3 (N.D.

18  Cal. Feb. 3, 2023) ("At the outset, this new claim exceeds the scope of leave to amend granted by

19  the Court in its prior order.  Because the Court did not give Saloojas leave to amend this claim, it

20  should be stricken[.]"); *Pantazis v. Fior D'Italia*, 1994 WL 519469, at *8 (N.D. Cal. 1994) ("The

21  Court first notes that in bringing this claim, plaintiff has clearly exceeded the scope of this

22  Court's order granting him leave to amend his original four causes of action.  That alone

23  constitutes grounds for dismissal.").

24        Thus, the Court should not even reach the issue of whether Sifuentes's newly asserted

25  claims are properly pled, and should instead dismiss them as exceeding the scope of the Court's

26  order granting leave to amend.  *See Peguero v. Toyota Motor Sales, USA, Inc.*, 2021 WL

27  2910562, at *5 (C.D. Cal. Apr. 26, 2021) (finding that "[t]he Court need not and will not address

28

1  the parties' arguments as to the merits of the claims stricken," which were asserted in violation of

2  the Court's order granting plaintiffs leave to amend).

3          **2.     Sifuentes Fails to Plead Any Cognizable Claim Related to the Alleged**
               **Data Breach**

4

5          As discussed in Google's motion to dismiss Sifuentes's data breach-related claims due to

6  a lack of Article III standing *supra*, Sifuentes fails to plead any facts showing that he sustained

7  any injury-in-fact or that any such injury is fairly traceable to any alleged Google data breach.  In

8  addition to those fundamental flaws, Sifuentes fails to plead any facts demonstrating that he has a

   cognizable claim.
9
           First, Sifuentes alleges a claim of invasion of privacy by public disclosure of private facts,
10
   but does not identify which state's law he is attempting to sue under.  But whether he intends to
11
   sue under Michigan or California law, it is clear that his allegations do not state a claim.  Under
12
   Michigan law, public disclosure of private facts is an intentional tort, and Sifuentes does not plead
13
   any facts showing that Google intended to disclose his information.  *See Doe v. Henry Ford*
14
   *Health System*, 308 Mich. App. 592, 598 (2014).  If his claim instead arises under California law,
15
   then his claim would fail because he does not allege "what makes the exposed information
16
   personal or private."  *Hassan v. Facebook, Inc.*, 2019 WL 3302721, at *2 (N.D. Cal. July 23,
17
   2019) (dismissing claim).  Sifuentes does not allege any facts identifying the purportedly
18
   disclosed information, other than to describe it as "personal."  Compl., p. 6.  Furthermore, his
19
   failure to allege what information was disclosed necessarily precludes him from alleging that the
20
   information "constituted information highly offensive to a reasonable person," which is a
21
   necessary element under both Michigan and California law.  *Nyman v. Thomson Reuters*
22
   *Holdings, Inc.*, 329 Mich. App. 539, 552 (2019); *Hassan*, 2019 WL 3302721, at *2 (failure to
23
   identify private information that was exposed relates to failure to "explain how that exposure
24
   would be offensive or objectionable to a reasonable person").
25
           Second, Sifuentes's claims for "negligent and or intentional infliction of emotional
26
   distress" relating to the alleged data breach fail for the same reasons that those same claims
27
   relating to the alleged cell phone cramming fail; *i.e.*, he does not plead any facts showing (1)
28

"extreme and outrageous conduct" by Google "so extreme as to exceed all bounds of that usually tolerated in a civilized community"; (2) emotional distress "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it"; or (3) any duty that Google owed to Sifuentes that was allegedly breached. *Grant*, 2010 WL 2509415, at *2; *Mullan*, 2020 WL 1043621, at *3.

Third, Sifuentes does not state any facts corresponding to any element of his conversion or bailment claims.

Fourth, Sifuentes does not allege he is a resident of California, and thus does not have any standing to enforce alleged violations of Civil Code §§ 1798.81.5, 1798.82, or 1798.29. *See Gardner v. Health Net, Inc.*, 2010 WL 11597979, at *7 (C.D. Cal. Aug. 12, 2010) ("[B]ecause section 1798.82 only requires that businesses disclose security breaches to 'residents of California,' and Plaintiffs are not current California residents and were not California residents at the time the disk drive was taken, Defendant argues that Plaintiffs do not have standing to bring this claim.  The Court agrees."); Civ. Code § 1798.81.5 ("It is the intent of the Legislature to ensure that personal information about *California residents* is protected.  To that end, the purpose of this section is to encourage businesses that own, license, or maintain personal information about *Californians* to provide reasonable security for that information.") (emphasis added); *id.* at § 1798.29 ("Any agency that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any *resident of California*[.]") (emphasis added).  Furthermore, Section 1798.29 applies only to state agencies, and Sifuentes does not allege that Google is a state agency.  *See Damner v. Facebook, Inc.*, 2020 WL 7862706, at *8 (N.D. Cal. Dec. 31, 2020) ("Section 1798.29 is a provision of the Information Practices Act of 1977 and applies to state agencies; it does not apply to private businesses.  Because Facebook is not a state agency, this claim fails as a matter of law.").

Fifth, Sifuentes does not have a right of action to enforce MCL 445.72, which provides that only "the attorney general or a prosecuting attorney may bring an action to recover a civil fine under this section."

160814284.2

1    Sixth, "future negligent and or intentional emotional distress and risk of future ongoing

2 injury" does not state a cause of action.

3    Seventh, Sifuentes alleges that Google violated both the Fair Credit Reporting Act and the

4 Fair and Accurate Credit Transaction Act by "not taking measures to provide Sifuentes with paid

5 services for identity monitoring, security freezes, compensation for defective customer support

6 and care and providing a complimentary investigation report, also protecting all his data."

7 Compl., p. 7.  However, he does not identify how that alleged conduct violates either statute.  He

8 references 15 U.S.C. § 1681a(p), but that part of the statute only defines what constitutes a

9 consumer reporting agency that compiles and maintains files on consumers on a nationwide basis,

10 and Sifuentes has not alleged any facts demonstrating that Google qualifies as a consumer

11 reporting agency under the FCRA.  See 15 U.S.C. § 1681a(f) (defining "consumer reporting

12 agency" to mean a person that "regularly engages in whole or in part in the practice of assembling

13 or evaluating consumer credit information or other information on consumers for the purpose of

14 furnishing consumer reports to third parties, and which uses any means or facility of interstate

15 commerce for the purpose of preparing or furnishing consumer reports").  And FACTA only

16 provides that "no person that accepts credit cards or debit cards for the transaction of business

17 shall print more than the last five digits of the card number or the expiration date upon any receipt

18 provided to the cardholder at the point of the sale or the transaction," which is not the conduct

19 that Google is alleged to have committed.  15 U.S.C. § 1681c(g).

20    Eighth, Sifuentes does not have standing to enforce the Gramm-Leach-Bliley Act, because

21 the Act "does not provide a private right of action."  *Abelyan v. OneWest Bank*, 2010 WL

22 11507582, at *8 (C.D. Cal. Sept. 27, 2010); *see also Gehron v. Best Reward Credit Union*, 2011

23 WL 976624, at *2 (S.D. Cal. Mar. 15, 2011) ("The Gramm–Leach–Bliley Act prohibits financial

24 institutions' disclosure of non-public personal information.  There is no private right of action

25 under [the Act].").

26    Ninth, Sifuentes does not allege any facts demonstrating a violation of the MCPA or

27 Article 10, Section 2 of the Michigan Constitution, other than to cryptically state "by using

28

160814284.2

1  deceptive tactics of the breach" and "that Sifuentes private property his data, payment

2  information email, password, and private information." Compl., pp. 7-8.

3       Tenth, Sifuentes claims that Google committed "risk of present and future retaliation" and

4  "doctrine of unclean hands," even though Google previously argued that those do not state

5  cognizable causes of action. *See Arden*, 2018 WL 4378774, at *3 (recommending that claim

6  asserted by pro se plaintiff be dismissed because "Plaintiff has not identified any specific law in

7  connection with this claim, [and] it [thus] does not meet the requirements of 28 U.S.C. § 1915,

8  Rule 12(b)(6) of the Federal Civil Procedure, or Rule 8(a)(2) of the Federal Rules of Civil

9  Procedure").

10       Eleventh, Sifuentes's claim that Google failed to follow the Federal Trade Commission's

11  Identity Theft Red Flag Rules fail on several grounds.  First, assuming Sifuentes is referring to 78

12  Fed. Reg. 23638, which were jointly issued by the SEC and CFTC, Sifuentes does not have

13  standing to enforce those rules.  Second, Sifuentes fails to identify what part of those rules

14  Google is alleged to have violated.  Third, Sifuentes fails to allege how those rules, which

15  expressly apply only to "financial institutions" and "creditors", apply to Google.  *See* 78 Fed.

16  Reg. 23640 ("The CFTC's proposed definitions of 'financial institutions' and 'creditor' describe

17  the entities to which its identity theft red flag rules and guidelines apply.").

18       Twelfth, Sifuentes's "USA patriot Act" claim fails as a matter of law because he has no

19  right of action to enforce that statute.  *See Medical Supply Chain, Inc. v. US Bancorp, NA*, 112

20  Fed. App'x 730, 731 (10th Cir. 2004) (affirming dismissal of USA Patriot Act claim due to the

21  statute not providing a private right of action); *Sterling Savings Bank v. Poulsen*, 2013 WL

22  3945989, at *19 (N.D. Cal. July 29, 2013) ("[T]he USA Patriot Act and other federal acts cited by

23  Defendant do not provide a private right of action."); *Kraft v. Office of the Comptroller of*

24  *Currency*, 2021 WL 1251393, at *4 (D.S.D. Apr. 5, 2021) ("[C]ourts have repeatedly held that

25  there is no private right of action under the . . . USA PATRIOT Act.").

26       Finally, Sifuentes's claim that Google violated the Health Insurance Portability and

27  Accessibility Act fails because that statute does not provide Sifuentes with a private right of

28

160814284.2

action either.  *See Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) ("HIPAA itself provides no private right of action.") (internal citation and quotation omitted).

### 3.    Sifuentes Fails to Allege Any Facts Supporting His Request for Punitive Damages

Sifuentes includes a request for punitive damages that consists of "merely conclusory statements not entitled to the presumption of truth under *Iqbal* and *Twombly*."  *Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *5 (N.D. Cal. May 31, 2011).  Sifuentes fails to allege any facts demonstrating that Google has committed either oppression, fraud, or malice.

Sifuentes alleges conclusions that Google "willfully and knowing[sic] violating the rules of the government," which "causes harm to possible millions of consumers unaware of the harm caused by such charges," Compl. pp. 8-9, but fails to allege any "facts that support a plausible inference in support of these conclusions."  *Rhynes*, 2011 WL 2149095, at *5; *see also Bem v. Stryker Corp.*, 2015 WL 4573204, at *2 (N.D. Cal. July 29, 2015) ("Bem's prayer for punitive damages is deficient, as Bem has not alleged any facts to support a finding that Stryker acted with oppression, fraud, or malice, *see* Cal. Civ. Code § 3294(a) (providing for award of punitive damages where plaintiff shows 'defendant has been guilty of oppression, fraud, or malice').").  Accordingly, Sifuentes has failed to allege any facts supporting his request for punitive damages, and his request should be dismissed.  *See Rhynes*, 2011 WL 2149095, at *6.

Sifuentes's request for punitive damages against Google also fails because he has not "alleged any [ ] conduct [that] was the 'act of' or was done with the 'authorization [or] ratification' of an 'officer, director, or managing agent' of" Google.  *Bem*, 2015 WL 4573204, at *2 (citing Cal. Civ. Code § 3294(b) ("With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.")).  Because Sifuentes "ha[s] not alleged a single fact tending to show that any officer, director, or managing agent [of Google] took any action amounting to authorization or ratification of the alleged misconduct," his request for punitive damages against Google fails and should be dismissed for this additional reason.  *Rhynes*, 2011 WL 2149095, at *6.

1

**CONCLUSION**

2

For all of the foregoing reasons, the Court should dismiss Sifuentes's Amended

3

Complaint and all claims asserted therein against Google without leave to amend.

4

Dated: February 22, 2023                **PERKINS COIE LLP**

5

6

7

By: */s/ Elliott J. Joh*
          Elliott Joh, Bar No. 264927

8

9

Attorneys for Defendant
          GOOGLE NORTH AMERICA, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

160814284.2

1

## <u>CERTIFICATE OF SERVICE</u>

2       This is to certify that a true and correct copy of the above and foregoing has been served

3    upon all counsel of record, via email, on February 22, 2023, as follows:

4       David Angel Sifuentes III
        439 More St. NE Unit 2
5       Grand Rapids, MI 49503
        Phone: (616) 283-5215
6       Email: davidsifuentes61@yahoo.com

7                                    */s/ Elliott J. Joh*
                                     Elliott J. Joh
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

160814284.2