UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A SIFUENTES,

          Plaintiff,

   v.

GOOGLE INC.,

          Defendant.

Case No.  22-cv-03102-JCS

**ORDER GRANTING MOTION TO DISMISS AND VACATING MOTION HEARING AND CASE MANAGEMENT CONFERENCE SET FOR JUNE 30, 2023 AT 2:00 PM**

Re: Dkt. No. 50

## I.     INTRODUCTION

Plaintiff David Sifuentes initiated this action against Defendant Google, Inc. to assert claims based on alleged unauthorized charges on his bill for Google Fi cell phone service.  After the deadline to amend as-of-right had passed, the Court granted Sifuentes's request for leave to amend to add a claim for violation of 47 C.F.R. § 64.2401 ("Truth-in-Billing Rules"). Dkt. no. 42. In his Amended Complaint, dkt. no. 45, Sifuentes added not only the Truth-in-Billing Rules claim but also a series of claims based on an alleged data breach.  Presently before the Court is Google's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Amended Complaint ("Motion").  The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the Motion hearing set for June 30, 2023 at 2:00 p.m. pursuant to Civil Local Rule 7-1(b).  The Case Management Conference set for the same time and date is also vacated.  For the reasons stated below, the Motion is GRANTED.[1]

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

## II.    BACKGROUND[2]

On May 16, 2022, Sifuentes filed a complaint in the Eastern District of Michigan ("Michigan Court") that is almost identical to the original complaint in this action.  RJN, Ex. A (Complaint, Michigan Case); dkt. no. 1 (Complaint).  As in this case, Sifuentes alleged in the Michigan Case that he asked Google to put him on a lower-cost cell phone plan. *Id.* at 1-2; Complaint at 1-2. Because the lower-cost plan allegedly increased his costs by $90, he requested to switch back to his original plan. Complaint, Michigan Case at 1; Complaint at 1.  Subsequently, Google allegedly charged Sifuentes for *both* plans, combining the charges from the two plans into a single bill, and failed to fix the problem when Sifuentes contacted Google to request that the bill be adjusted. Complaint, Michigan Case at 2; Complaint at 2.   According to Sifuentes, Google informed him that it was "charging him a head [sic] that is in advance for the unlimited plan and his previous bill."   Complaint, Michigan Case at 2; Complaint at 2.   Based on these facts, Sifuentes asserted in the Michigan Case claims for "cell phone bill cramming, false advertising, potential future violation of the fair credit reporting act by concrete injury of a lower credit score, Michigan consumer protection act, risk of present and future retaliation by Google, and intentional infliction of emotional distress."  Complaint, Michigan Case at 1. He claimed that there was subject matter jurisdiction over his claims on the basis of diversity under 28 U.S.C. § 1332.  *Id.* at 2.

The next day, on May 17, 2022, the Michigan Court dismissed Sifuentes's complaint.

---

[2] Google has brought a request for judicial notice asking the Court to take judicial notice of six documents filed in a case Sifuentes brought in the Eastern District of Michigan, Case No. 2:22-mc-50916-SJM-KGA ("Michigan Case") and of the terms of service applicable to Sifuentes's telephone service, Google Fi ("Terms of Service"). Dkt. no. 50-1 ("RJN").  The Court GRANTS Google's request as to all of those documents.  The documents filed in the Michigan Case are properly the subject of judicial notice under Rule 201 of the Federal Rules of Evidence because they are publicly available court records. *Poorsina v. Xiaosong Zhang*, 2021 WL 1222520, at *5 (N.D. Cal. Mar. 31, 2021).  The Terms of Service may be considered in evaluating the sufficient of the allegations in the amended complaint because Sifuentes alleges in his Amended Complaint that Google has breached the Terms of Service.  *See* Amended Complaint (dkt. no. 38) at 5; *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of Google's Terms of Service).  The Court notes that although Sifuentes has objected to the Court taking judicial notice of the documents filed in the Michigan Case, he does so only because he does not believe the documents show that his claims are barred. Dkt. no. 58 (Opposition) at 2. That, however, is a separate question from whether it is proper to take judicial notice of the documents.

United States District Court
Northern District of California

RJN, Ex. B (Michigan Case, May 17, 2022 Order).  In its order, the Michigan Court explained that Sifuentes was subject to an order "that prohibited [him] from filing any new action in the Eastern District of Michigan without first obtaining leave." *Id.* at 1.  It stated that Sifuentes had not sought or obtained leave before filing his complaint, and that the court would not grant leave to file the complaint because the "proposed complaint [was] frivolous." *Id.*  The Michigan Court described the dispute as "aris[ing] from Google's false advertising of its cell phone plans that has caused Plaintiff to pay a more expensive bill and suffer from intentional infliction of emotional distress ('IIED')." *Id.*  It went on to find that the IIED claim was "plainly frivolous" as the test for that claim under Michigan law is "one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* at 1-2 (quoting *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 603 (1985)).

The Michigan Court continued, "As for the other claims that sound in false advertising, Plaintiff cannot in good faith claim that his damages exceed $75,000 and thus fall within the Court's diversity jurisdiction." *Id.* at 2. Instead, the Michigan Court found, Plaintiff's damages "are a few hundred dollars from paying more for his cell phone plan" and thus, "[b]ased on [its] review of the complaint, the preponderance of the evidence show[ed] that the amount in controversy [was] far less than $75,000." *Id.*  For these reasons, the Michigan Court dismissed the complaint and stated that it would "deny Plaintiff leave to appeal in forma pauperis because he cannot take an appeal in good faith." *Id.* (citing 28 U.S.C. § 1915(a)(3)).

Sifuentes subsequently filed a motion for leave to amend his complaint in the Michigan Court, stating that he sought to assert "additional claims and relief such as a $200 refund and request for punitive damages of $76,000" and add "claims of fraudulent misrepresentation, breach of contract, and 'negligent' intentional infliction of emotion distress claims." RJN, Ex. C. He also brought a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  RJN, Ex. D.  The Michigan Court denied both motions.  RJN, Ex. E.  The Michigan Court stated:

> The Court denied Plaintiff leave to file a complaint and dismissed the complaint because he is enjoined and his proposed complaint is frivolous. ECF 2. The Court will deny the motions that Plaintiff filed after the Court's screening order. ECF 5; 6. Because Plaintiff is

1
2

> enjoined, he cannot file more motions unless his complaint passes the Court's screening. In short, Plaintiff cannot pursue a civil matter in the above case; he thus cannot file new motions related to that matter.

3    *Id.*

4    Six days after the Michigan Court denied Sifuentes's motions, he filed the instant action

5    against Google, Inc. – the same defendant he named in the Michigan Case.[3] As noted above, the

6    facts upon which Sifuentes based his claims in the original complaint were the same as the ones

7    alleged in the Michigan Case. He again invoked diversity jurisdiction, but he expanded the list of

8    claims he sought to assert, asserting claims for:

9
10
11
12

> cell phone bill cramming, false advertising, potential future violation of the fair credit reporting act by concrete injury of a lower credit score, Michigan consumer protection act, risk of present and future retaliation by Google, doctrine of unclean hands, fraudulent misrepresentation, breach of contract, negligent and or intentional infliction of emotional distress.

13   Complaint at 1-2.

14   Google brought a motion to dismiss the case under Rule 12(b)(1) and 12(b)(6) of the

15   Federal Rules of Civil Procedure, but before that motion was briefed, Sifuentes moved to compel

16   arbitration of his own claims and stay the case pursuant to an arbitration agreement purportedly

17   included in Google's terms of use, dkt. no. 23.  As Google did not oppose arbitration, on August

18   31, 2022, the Court granted Sifuentes's motion, denied without prejudice Google's motion to

19   dismiss, stayed the case, and ordered Sifuentes "to file an arbitration demand in accordance with

20   the terms of the parties' arbitration agreement no later than September 28, 2022."  Dkt. no. 30.

21   Sifuentes filed an arbitration demand but the American Arbitration Association ("AAA")

22   concluded that it did not have authority to adjudicate the case.  Dkt. no. 35-1 at ECF pp. 4, 10.

23   Sifuentes asked to proceed with the case in federal court, dkt. no. 33, and also sought leave to

24   amend his complaint to add an assertion that Google's billing violated "Federal Communication

25   Committee [sic] rules" and increase the relief requested. Dkt. no. 34. In his reply brief, Sifuentes

26

27   _____

28   [3] According to Defendant, although Sifuentes named Google, Inc. as the defendant, "[i]t is now understood that Plaintiff's dispute is with Google North America, Inc., which provides Google Fi services and is a wholly-owned subsidiary of Google LLC." Motion at 12 n. 3 (citing RJN, Ex. G).

*United States District Court*
*Northern District of California*

4

clarified that he sought to assert a claim under 47 C.F.R. § 64.2401's truth-in-billing requirements

for telephone bills.  Dkt. no. 41 at 2-3.  Google opposed both requests.  Dkt. nos. 36, 37.

        The Court granted Sifuentes's requests.  Dkt. no. 42.  As to the request to proceed in

federal court, the Court found that the "record suggest[ed] that Sifuentes's failure to follow

through on his choice to arbitrate stemmed from his good faith mistake as to which of Google's

terms of service governed his claim and the AAA's refusal to take the case when the applicable

terms did not provide for arbitration."  Dkt. no. 42 at 3.  As to the motion for leave to amend, the

Court cited the liberal standard that governs motions brought under Rule 15(a) of the Federal

Rules of Civil Procedure and concluded that although the deadline for amending the complaint

had passed, Sifuentes should be given an opportunity to amend because it was not "'absolutely

clear' that Sifuentes could not state a claim for violation of § 64.2401."  Dkt. no. 42 at 3.

Although Sifuentes had filed a proposed First Amended Complaint in conjunction with his motion

for leave to amend, the Court ordered that he file a new amended complaint that "more clearly

identif[ied] all claims he wishe[d] to assert and relevant factual allegations to support those

claims."  *Id.* at 4.  The Court further instructed:

> Sifuentes's second amended complaint must comply with Rule 10 of
> the Federal Rules of Civil Procedure, which—among other
> requirements—calls for the use of separately numbered paragraphs.
> Sifuentes should state all relevant factual allegations in short,
> numbered paragraphs, followed by discrete statements of each legal
> claim he intends to pursue.  Sifuentes should also take into account
> the arguments Google has raised thus far and only assert claims that
> he has a good faith basis to believe would survive a motion to dismiss.

*Id.*  at 5.

        In the Court's order permitting Sifuentes to amend his complaint, it addressed but did not

rule on Google's argument in its prior motion to dismiss that Sifuentes's claims were barred by the

dismissal of the Michigan Court.  *Id.*  at 4.  The Court observed:

> It is not obvious that the dismissal of Sifuentes's previous case in the
> Eastern District of Michigan bars the regulatory claim he now intends
> to pursue.  While decisions by federal courts dismissing in forma
> pauperis claims as frivolous under 28 U.S.C. § 1915 are preclusive
> under the doctrine of res judicata with respect to future in forma
> pauperis claims, *Kolocotronis v. Benefis Healthcare*, 360 F. App'x
> 860, 861 (9th Cir. 2009), and a decision finding a lack of subject

United States District Court
Northern District of California

matter jurisdiction can be preclusive as to that issue in a future case, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999), the Michigan court dismissed Sifuentes's case under a pre-filing review order specific to that court with no explicit reference to § 1915, and Google has not addressed whether a decision finding no subject matter jurisdiction where the court only acknowledged state law claims is preclusive as to a future complaint asserting violations of federal regulations. Moreover, it is not clear that Sifuentes had a fair opportunity to litigate claims not squarely presented by his original complaint in the Michigan case when that court dismissed his case pursuant to a pre-filing review order and later held that, due to that procedural posture, Sifuentes could not file a motion for leave to amend—without considering the merits of that motion. Def.'s Request for Judicial Notice (dkt. 16 1) Ex. E (order denying leave to amend in the Eastern District of Michigan); see *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (" '[A] critical predicate for applying claim preclusion is that the claimant shall have had a fair opportunity to advance all its 'same transaction' claims in a single unitary proceeding[.]' " (quoting *Dionne v. Mayor of Baltimore*, 40 F.3d 677, 683 (4th Cir. 1994))). This is not to say that Google could not prevail on that argument, only that it is not clear at this time that the new claim Sifuentes wishes to bring is barred, and Google should be prepared to address these issues if it brings another motion to dismiss after Sifuentes amends his complaint.

*Id.* at 5.

On January 9, 2023, Sifuentes filed his Amended Complaint, dkt. no. 45. Contrary to the Court's instructions, Sifuentes did not adhere to Rule 10 of the Federal Rules of Civil Procedure and he did not "state all relevant factual allegations in short, numbered paragraphs, followed by discrete statements of each legal claim he intends to pursue." Dkt. no. 42 at 5. Moreover, although he had requested leave only to add a claim for violation of 47 C.F.R. § 64.2401 in connection with the dispute relating to Sifuentes's telephone bill, the Amended Complaint not only adds other claims in connection with that dispute but also adds claims based on an entirely different set of factual allegations relating to a data breach.

Sifuentes's Amended Complaint, like his previous complaints, is confusing and convoluted. The claims he asserts in the Amended Complaint in connection with the telephone bill dispute are described as follows:

> violation of the Federal Communication Committee rules for cell phone bill cramming, FCC truth in billing, false advertising, potential future violation of the fair credit reporting act by concrete injury of a lower credit score, Michigan consumer protection act, risk of present and future retaliation by Google, doctrine of unclean hands,

United States District Court
Northern District of California

1
> fraudulent misrepresentation, breach of contract, negligent and or
> intentional infliction of emotional distress.

2
Amended Complaint at 1.  He describes his claims in connection with an alleged data breach as

3
follows:

4
> invasion of privacy by public disclosure of private facts, negligence,
> negligent and or intentional infliction of emotional distress,

5
> conversion (use of information without permission) breach of

6
> bailment, failure to provide safeguard security measures and
> protection to Sifuentes for the breach, and risk of future injury, and

7
> violation of the Gramm-Leach-Bliley Act, Fair Credit Reporting Act
> (hereinafter (FCRA)) and Fair and Accurate Credit Transactions Act

8
> of 2003 (FACTA), also the Michigan Consumers Protection Act,
> violation of the Michigan Constitution Art 10, § 2 of Michigan's 1963

9
> Constitution where [p]rivate property shall not be taken for public use
> without just compensation therefor being first made or secured in a

10
> manner prescribed by law, The federal Trade Commission's Identity
> Theft Red Flag Rules, violation of the USA Patriot Act, The health

11
> Insurance Portability and Accountability ACT (HIPPA), . . .

12
*Id.*  In the Amended Complaint, Sifuentes also has added claims for punitive damages in the

13
amount of $10,000,000 as to the phone bill claims and $25,000,000 as to the data breach claims.

14
*Id.*

15
   In the Motion, Google argues that this case should be dismissed under Rule 12(b)(1) of the

16
Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction over this

17
action.  Motion at 2-3.  In particular, it contends: 1) the claims asserted in the Amended Complaint

18
are barred under the doctrine of res judicata based on the dismissal of the Michigan Case; 2) there

19
is no diversity jurisdiction under 28 U.S.C. §1332; and 3) Sifuentes lacks Article III standing to

20
assert claims based on an alleged data breach.  *Id.*  Google argues in the alternative that the

21
Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

22
Procedure because neither his original claims nor his newly asserted claims are sufficiently pled

23
and furthermore, the data breach claims exceed the scope of the Court's order granting leave to

24
amend.  It also challenges Sifuentes's claims for punitive damages on the basis that these claims

25
are beyond the scope of the Court's leave to amend and Sifuentes has alleged no facts to support

26
those requests.  *Id.*  at 8-9.

27

28

United States District Court
Northern District of California

In his response[4] to the instant Motion, Sifuentes states that as to the telephone bill dispute,

he "would like to amend and drop the claims of:"

        a. Risk of present and future retaliation.
        b. Doctrine of unclean hands.
        c. False advertising.
        d. Fair Credit Reporting Act.
        e. Michigan Consumer protection act
        f. Breach of contract.
        g. Negligent infliction of emotional distress.

Dkt. no. 58 (Opposition) at 2.  In his Supplement Opposition, however, Sifuentes appears to have

changed his mind about dropping the claim for negligent infliction of emotional distress

Supplemental Opposition at 4.[5]

    With respect to his data beach claims, he seeks to amend and drop the following claims:

        1. MCL 445.72.
        2. Fair Credit Reporting Act, and the Fair and Accurate Credit Transaction Act.
        3. Gramm-Leach-Bliley Act.
        4. Risk of present and future retaliation.
        5. Federal Trade commission's Identity Theft Red Flag Rules.
        6. U.S.A. Patriot Act
        7. Health Insurance Portability Accessibility Act.

*Id.* at 2; Supplemental Opposition at 4-5.[6]  Sifuentes argues that his remaining claims should not

be dismissed, however.  In particular, he contends his remaining claims are adequately pled and

rejects Google's assertions that his claims are barred by res judicata and that there is no diversity

jurisdiction.  Opposition at 2-3; Supplemental Opposition at 2-3.

---

[4] Sifuentes filed two briefs opposing the motion, docket nos. 58 ("Opposition") and 59 ("Supplemental Opposition").  The second brief was filed a week after the first one and modified some of the arguments made in the earlier brief.  Neither the local rules nor this Court's standing order permits such sequential briefing.  Nonetheless, because Google responded to both briefs in its Reply brief, the Court will consider both briefs in ruling on the instant Motion.

[5] Sifuentes reiterates in his Supplemental Opposition that he seeks to drop the claim under Michigan Consumer Protection Act but the proposed amended complaint attached to his Supplemental Opposition includes that claim.  Based on statements in Sifuentes's Opposition and Supplemental Opposition, the Court finds that as to the cell phone bill dispute, Sifuentes seeks to proceed only with a claim under 47 C.F.R. § 64.2401 and negligent infliction of emotional distress.

[6] Based on statements in Sifuentes's Opposition and Supplemental Opposition, the Court finds that he seeks to proceed with the following claims in connection with the data breach dispute: "invasion of privacy by public disclosure of private facts, negligence, negligent and or intentional infliction of emotional distress, conversion (use of information without permission) breach of bailment, failure to provide safeguard security measures and protection to Sifuentes for the breach, . . . [and] violation of the Michigan Constitution Art 10, §2 of Michigan's 1963 Constitution . . . ." Amended Complaint at 5.

United States District Court
Northern District of California

In his Opposition, Sifuentes also includes a paragraph with the heading, "Motion to Transfer." Opposition at 5. This paragraph states, in its entirety:

> Sifuentes III, ask this Honorable Court to transfer this case for Jury Trial and any other proceedings to the Western District Court in Grand Rapids, Michigan. A plaintiff may request a transfer under 28 U.S.C. § 1404(a). Sifuentes is a Pro Se plaintiff and does not have the resources to travel to California to present his case to a jury. Sifuentes has made a jury demand and should be able to present his case to a jury.

*Id.* at 5.

## III.   ANALYSIS

### A.   Whether Amended Complaint is Barred By Res Judicata

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action . . . whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation and internal quotation marks omitted); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits."). "Suits involve the same claim (or 'cause of action') when they 'aris[e] from the same transaction,' or involve a 'common nucleus of operative facts.'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020) (alteration in original; citations omitted); *see also United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (citing with approval *Dionne v. Mayor of Baltimore*, 40 F.3d 677, 683 (4th Cir. 1994) for the proposition that "a critical predicate for applying claim preclusion is that the claimant shall have had a fair opportunity to advance all its 'same transaction' claims in a single unitary proceeding").

Here, there is identity of parties but the remaining two requirements for applying the doctrine of res judicata are not met. First, despite Google's assertion that the Michigan Court dismissed Sifuentes's claims with prejudice, the record in that case points to the contrary conclusion. In particular, although the Michigan Court dismissed Sifuentes's claims without leave

1  to amend, it did not state in either of its orders in that case that the dismissal was with prejudice.

2  *See* RJN, EXs. B, E.  Nor did the Court enter a separate judgment dismissing Sifuentes's claims

3  with prejudice.

4         Furthermore, although the Michigan Court found that Sifuentes failed to allege outrageous

5  conduct sufficient to support a claim for intentional infliction of emotional distress, it ultimately

6  concluded that Sifuentes's complaint failed for lack of subject matter jurisdiction, holding:

7               Based on the Court's review of the complaint, the preponderance of
               the evidence shows that the amount in controversy is far less than
8               $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572
               (6th Cir. 2001) (quotation omitted). The Court will therefore dismiss
9               the complaint and will deny Plaintiff leave to appeal in forma pauperis
               because he cannot take an appeal in good faith. See 28 U.S.C. §
10              1915(a)(3).

11  RJN, Ex. B at 2.  While this statement was made in a paragraph that ostensibly addressed only the

12  false advertising claims, the Michigan Court's broad conclusion and failure to make any findings

13  suggesting that there was subject matter jurisdiction over the claim for intentional infliction of

14  emotional distress leads this Court to conclude that the Michigan Court's dismissal was, in the

15  end, for lack of jurisdiction.  It is well-established that a dismissal for lack of subject matter

16  jurisdiction is not a judgment on the merits, and therefore it has no claim preclusive effect. *Watson*

17  *v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005); s*ee also  Drevaleva v. Glazer*, No.

18  21-CV-00500-HSG, 2022 WL 767192, at *6 (N.D. Cal. Mar. 14, 2022), aff'd, No. 22-15731, 2023

19  WL 2584256 (9th Cir. Mar. 21, 2023) ("Rule 41 of the Federal Rules of Civil Procedure provides

20  that any dismissal – 'except one for lack of jurisdiction, improper venue, or failure to join a party,'

21  or a dismissal order that specifically states otherwise – 'operates as an adjudication on the

22  merits.'").

23         Finally, the identity of claims requirement is not met.  First, the data breach claims arise

24  out of a separate transaction (or series of transactions – it is not clear when the alleged data breach

25  or breaches that are the subject of Sifuentes's claims occurred). Second, the identity of claims

26  requirement is only met where the plaintiff "had a fair opportunity to advance all its 'same

27  transaction' claims in a single unitary proceeding[,]" as  discussed above.  *See Tahoe-Sierra Pres.*

28

United States District Court
Northern District of California

1    *Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d at 1078.  It is apparent from the Michigan

2    Court's orders that as to the telephone bill claims, the court did not consider Sifuentes's motions

3    for leave to amend and for relief under Rule 60(b), concluding that because Sifuentes was

4    "enjoined" and his initial complaint had not survived initial screening, he "[could] not file new

5    motions related to the matter."  RJN, Ex. E.

6          For these reasons, the Court concludes that Sifuentes's Amended Complaint is not barred

7    under the doctrine of res judicata.[7]

8          **B.    Whether Sifuentes May Proceed With Data Breach Claims in this Action**

9          Sifuentes brought this case asserting claims related to a dispute with Google about his

10   telephone bill in early 2022 after a very similar complaint was rejected as frivolous by a Michigan

11   Court. This Court conducted an initial screening under 28 U.S.C. § 1915 and, finding that

12   Sifuentes's claims were colorable, ordered service of the complaint.  After Google appeared and

13   brought a motion to dismiss, Sifuentes attempted to move the case to another venue by seeking

14   arbitration of his claims.  When that did not work, he requested leave to proceed in this Court and

15   amend his complaint to assert a claim under FCC rules related to the same dispute and allege

16   additional damages.  Instead, however, Sifuentes used this opportunity to not only add a claim

17   under 47 C.F.R. § 64.2401 and seek additional punitive damages but also to assert an entirely new

18   set of claims based on completely different conduct, namely, the data breach claims.

19         This Court has repeatedly given Sifuentes the benefit of the doubt because of his pro se

20   status.  At some point, however, the Court must draw a line.  The Court has reached that point.

21   The data breach claims are entirely unrelated to the dispute that was the subject of Sifuentes's

22   original complaint and were added to the complaint long after the deadline for amendment had

23   passed and without the Court's authorization.  The Court therefore strikes Sifuentes's data breach

24   claims on the basis that they fall outside of the scope of the Court's order permitting Sifuentes to

---

[7] As the Court recognized in its December 22, 2022 Order, a decision finding a lack of subject matter jurisdiction can be preclusive as to that issue in a future case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999).  However, in its Motion Google did not cite the doctrine of issue preclusion or address whether the requirements of that doctrine are met and therefore the Court does not consider it here.

United States District Court
Northern District of California

United States District Court
Northern District of California

amend his complaint.  *See* Fed. R. Civ. P. 15(a)(2) (providing that after the time for amending as-of-right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); *Saloojas Inc. v. Blue Shield of California Life & Health Ins. Co*., No. 22-CV-03267-MMC, 2023 WL 122395, at *1 (N.D. Cal. Jan. 6, 2023) ("Claim II, titled 'Insurance Bad Faith and Fraud,' is hereby stricken, for the reason that said new claim exceeds the scope of the leave granted by the Court in its October 3 Order."); *Benton v. Baker Hughes,* No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), aff'd sub nom. *Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015) (holding that  because the plaintiff's new claims "exceed[ed] the scope of the leave to amend granted" it was appropriate to strike the newly added claims and collecting cases);  *DeLeon v. Wells Fargo Bank, N.A*., No. 10–CV–01390–LHK, 2010 WL 4285006, *3 (N.D.Cal. Oct.22, 2010) ("In cases like this one ... where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken").[8]

Accordingly, all of the data breach claims are dismissed without prejudice and without leave to amend.[9]

---

[8] The Court notes that in a prior case, *McKenzie v. Wells Fargo Bank, N.A*., 931 F. Supp. 2d 1028, 1042 (N.D. Cal. 2013), this Court addressed a challenge to claims that were outside the scope of the Court's order permitting amendment under Rule 12(b)(6) rather than Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for dismissal of a claim for "failure to state a claim upon which relief can be granted" whereas Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The situation in that case differed from this one, however, because the Court had already found that the theory upon which the new claims were based was legally insufficient.  Here, on the other hand, the Court has not addressed the merits of the data breach claims in any past order and does not do so herein. Therefore, the Court concludes it is more appropriate to treat Google's challenge to the data breach claims on this ground as a request to strike under Rule 12(f).

[9] Google also asks the Court to strike Sifuentes's additional allegations seeking punitive damages, arguing that these too exceed the scope of the Court's order permitting Sifuentes to amend his complaint.  Motion at 8.  The Court denies that request.  The Court recognized in its order on Sifuentes's motion for leave to amend that Sifuentes was requesting leave to amend to "add[ ] an assertion that Google's billing violated 'Federal Communication Committee [sic] rules' and *increases the relief requested*."  Dkt. no. 42 at 3 (emphasis added).  While the discussion that followed did not specifically address Sifuentes's request to increase the requested relief, it also did not qualify its holding permitting amendment by precluding Sifuentes from increasing the relief requested.  Rather, the Court's ruling could easily be understood as permitting Sifuentes to increase the requested relief.

United States District Court
Northern District of California

**C.    Whether there is Subject Matter Jurisdiction Over Remaining Telephone Bill Claims**

### 1.  Legal Standards Under Rule 12(b)(1)

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is the plaintiff's burden to establish the existence of subject matter jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "'In deciding a Rule 12(b)(1) facial attack motion, a court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party.'" *Torrey Pines Logic, Inc. v. Gunwerks, LLC*, No. 19-CV-02195-H-JLB, 2020 WL 6106814, at *4 (S.D. Cal. July 14, 2020) (quoting *Strojnik v. Kapalua Land Co. Ltd.*, 379 F. Supp. 3d 1078, 1082 (D. Haw. 2019) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003))).  In contrast, a factual challenge to subject matter jurisdiction "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

### 2.  Legal Standards Governing Diversity Jurisdiction and Federal Question Jurisdiction

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction encompasses claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where all plaintiffs

1    are citizens of different states from all defendants and at least $75,000 is in controversy.

2           **3.  Discussion**

3           Two claims remain in this case: Sifuentes's newly added claim under 47 C.F.R. § 64.2401

4    and his claim for negligent infliction of emotional distress – both based on the telephone bill

5    dispute.  Sifuentes has consistently invoked diversity jurisdiction under 28 U.S.C. § 1332 to

6    support federal jurisdiction, but this Court, like the Michigan Court, concludes that it is clear from

7    the face of the Amended Complaint that the $75,000 amount in controversy requirement is not

8    satisfied.

9           To justify dismissal for failure to adequately allege the $75,000 amount in controversy,

10   "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional

11   amount." *Budget Rent–A–Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting

12   *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938)).  That standard is met

13   here. First, the facts alleged in the Amended Complaint in connection with Sifuentes's billing

14   dispute with Google indicate that his actual damages were, at most, in the hundreds of dollars.  *See*

15   Amended Complaint at 2.  Indeed, in his Supplemental Opposition, Sifuentes concedes that his

16   actual damages in connection with this dispute amounted to only $250. Supplemental Opposition

17   at 3.  Moreover, courts must "scrutinize [a] claim closely" where "a claim for punitive damages

18   makes up the bulk of the amount in controversy." *Davis v. Nuci*, 2011 WL 3503175, at *4 (E.D.

19   Cal., Aug. 10, 2011) (quoting *Anthony v. Security Pac. Fin. Servs*., 75 F.3d 311, 315 (7th Cir.

20   1996)).  Here, Sifuentes seeks $10,000,000 in punitive damages but alleges no facts to support this

21   exorbitant request, which the Court therefore finds does not satisfy the $75,000 amount-in-

22   controversy requirement. *See Cason v. California Check Cashing Stores*, No. 13-CV-03388-JCS,

23   2013 WL 5609329, at *3 (N.D. Cal. Oct. 11, 2013).

24          Nonetheless, the Court finds that federal question jurisdiction is apparent from the face of

25   the Amended Complaint because Sifuentes asserts a colorable claim under federal law, namely,

26   47 C.F.R. § 64.2401.  Furthermore, the Court may exercise supplemental jurisdiction over the

27   state law claim for negligent infliction of emotional distress under 28 U.S.C. § 1367(a).

28          Therefore, the Court concludes that dismissal of Sifuentes's telephone bill claims for lack

United States District Court
Northern District of California

1    of subject matter jurisdiction is unwarranted.

2        **D.    Whether Claim Under 47 C.F.R. § 64.2401 is Subject to Dismissal Under Rule 12(b)(6)**

3            **1.   Legal Standards**

4        A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

5    for failure to state a claim on which relief can be granted.  "The purpose of a motion to dismiss

6    under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star Int'l v. Ariz. Corp.*

7    *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the pleading stage

8    is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which

9    sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing

10   that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

11       In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and

12   takes "all allegations of material fact as true and construe[s] them in the light most favorable to the

13   non-moving party."  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

14   Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that

15   would support a valid theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

16   1990).  A complaint must "contain either direct or inferential allegations respecting all the material

17   elements necessary to sustain recovery under some viable legal theory."  *Bell Atl. Corp. v.*

18   *Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

19   1106 (7th Cir. 1984)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

20   of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

21   (quoting *Twombly*, 550 U.S. at 555).  "[C]ourts 'are not bound to accept as true a legal conclusion

22   couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

23   265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

24   'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

25   (alteration in original).  Rather, the claim must be "'plausible on its face,'" meaning that the

26   plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable

27   inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S.

28

United States District Court
Northern District of California

15

at 570).

## 2.  Discussion

In his Amended Complaint, Sifuentes asserts a claim for violation of 47 C.F.R. § 64.2401, also known as the Truth-in-Billing Rules.  Section 64.2401 was adopted by the Federal Communications Commission ("FCC") under Section 201(b) of the Communications Act of 1934. *See In the Matter of Gregory Manasher et al. Petition for Declaratory Ruling*, 33 F.C.C. Rcd. 2737 (2018) ("*Manasher*").  The Supreme Court has held that "to violate a regulation that lawfully implements § 201(b)'s requirements is to violate the statute." *Glob. Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc.*, 550 U.S. 45, 54 (2007). Section 64.2401 "addresses the *organization* of bills; it does not reflect any determination as to whether the charges themselves are "just and reasonable" under any particular circumstances. *Rankin v. Glob. Tel*Link Corp.*, No. 13-CV-01117-JCS, 2013 WL 3456949, at *15 (N.D. Cal. July 9, 2013);  *see also Cavaliere v. Comcast Cable Communications, LLC*, 2022 WL 824246, at *4 (M.D. Fla. Mar. 18, 2022) ("Section 64.2401 sets forth how a telephone bill must be organized and what content must be contained within a telephone bill.");  *Manasher,* 33 F.C.C. Rcd. at 2743 ("The Truth-in-Billing rules focus on the format and clarity of a consumer bill, and do not reach the actual bill charge.")

In his Amended Complaint, Sifuentes's theory in support of his claim under Section 64.2401 is as follows:

> In this case it is clear that Google has violated the truth-and-billing rule by imposing additional future charges on services not fully rendered and paying for data twice. . . .. Although Google says it is a onetime charge they have done this more than once and in fact have had other consumers complain about their services and charging to [sic] much for services

Amended Complaint at 4.   In other words, Sifuentes's claim challenges the *actual charges* on his bill, not the organization or content of Google's bills.  Nor does Sifuentes's conclusory statement in his Opposition brief that "Google did cram the bill unexpectedly in violation of 47 C.F.R. § 64.240 [sic]" suggest that Sifuentes can remedy this defect.  Opposition at 2.   "Cramming" is the practice of "adding unauthorized charges . . . to customers' wireline telephone bills [.]" *Moore v. Verizon Commc'ns Inc*., No. C 09-1823 SBA, 2010 WL 3619877, at *1 (N.D. Cal. Sept. 10,

2010).  There is no doubt that the standards for telecommunications bills set in the Truth-in-Billing Rules are intended to help customers understand their bill so as to avoid unauthorized charges.  *See*  47 C.F.R. § 64.2400 (setting forth "Purpose and Scope" of the Truth-in-Billing Rules).   Nonetheless, to state a claim for violation of the Truth-in-Billing Rules, Sifuentes must allege specific facts showing that Google failed to adhere to those standards.  He has not done so even though Google specifically highlighted this issue in the Motion.

Accordingly, the Court concludes that Sifuentes fails to state a claim for violation of the Truth-in-Billing Rules, and therefore dismisses that claim under Rule 12(b)(6).  Because the Court further finds that amendment of the claim is futile, it is dismissed without leave to amend and with prejudice. Because the only federal claim in the case has been dismissed and there is no diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claim for negligent infliction of emotional distress, which is dismissed without prejudice.  *See* 28 U.S.C. § 1367(c)(3).[10]

## IV.    CONCLUSION

For the reasons set forth above, Sifuentes's claim under 47 C.F.R. § 64.2401 is dismissed with prejudice under Rule 12(b)(6).  All of Sifuentes's remaining claims are dismissed without prejudice.  The Clerk is instructed to close the case and enter judgment in favor of Google specifying that Sifuentes's claim under 47 C.F.R. § 64.2401 is dismissed with prejudice and that all remaining claims in the case are dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:  June 26, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[10] The Court does not reach Sifuentes's request to transfer this case to the Western District of Michigan pursuant to 28 U.S.C. § 1404.  Even assuming that Sifuentes's request was in compliance with the Local Rules and this Court's orders, he has made no showing that such a transfer is warranted.  Nonetheless, nothing in this Court's Order precludes him from asserting in that court (or any other court, including a Michigan state court) the claims that this Court has dismissed without prejudice so long as Sifuentes has a good faith belief that jurisdiction and venue in that court is proper.  This Court expresses no opinions on those questions.

United States District Court
Northern District of California