UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A SIFUENTES,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 22-cv-03102-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE FOR RECONSIDERATION MOTION TO ALTER AMEND JUDGMENT AND AMEND COMPLIANT [SIC] AND MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 72 |

## I.   INTRODUCTION

On June 26, 2023, the Court granted defendant Google, Inc.'s Motion to Dismiss and entered judgment in favor of Google. Presently before the Court is Plaintiff's "Motion For Leave For Reconsideration Motion To Alter Amend Judgment And Amend Compliant [sic] And Motion For Relief From Judgment" ("Motion"). For the reasons stated below, the Motion is DENIED.[1]

## II.   BACKGROUND

The history of this case is set forth in the Court's June 26, 2023 Order. The Court does not repeat it here except to provide a brief summary. Before initiating this action, Sifuentes brought a case in the Eastern District of Michigan asserting state law claims against Google based on billing issues related to his telephone bill. After that court dismissed his complaint as frivolous under a screening order and denied leave to file an amended complaint, Sifuentes initiated this action, asserting almost identical claims and invoking diversity jurisdiction. Google brought a motion to dismiss, but before the Court ruled on it Sifuentes brought a motion to compel arbitration of his

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

claims, which Google did not oppose, and the case was stayed while Sifuentes pursued arbitration of his claims before the American Arbitration Association ("AAA").

When the AAA found it did not have jurisdiction over Sifuentes's claims, Sifuentes sought to return to federal court, asking the Court to lift the stay and to allow him to file an amended complaint to add a federal Truth-in-Billing claim under 47 C.F.R. § 64.240. The Court granted the request, even though the deadline to amend had already passed, but rejected the proposed amended complaint Sifuentes had filed, instructing him to file a second amended complaint that was in compliance with Rule 10 of the Federal Rules of Civil Procedure. In his Second Amended Complaint, Sifuentes did not comply with the Court's instructions and he also exceeded the scope of the Court's order by adding new claims based on an alleged data breach ("the data breach claims") that were unrelated to his earlier billing claims.

Google renewed its motion to dismiss, which the Court granted. In its order, the Court struck the data breach claims because they exceeded the scope of the Court's order granting leave to amend. The Court further concluded that Sifuentes's truth-in-billing claim (which was his only federal claim) failed to state a claim and could not be cured by amendment. Finally, it found that there was no diversity jurisdiction as to the remaining claims because it was clear from the face of the complaint that the amount-in-controversy requirement was not met.

In the Motion, Sifuentes asks the Court to reopen the case and allow him to file an amended complaint in which he would assert claims for "negligent infliction of emotional distress, data breach claims and accompanying state law issues." He states that he now has a better understanding of diversity jurisdiction and that there is diversity jurisdiction as to these claims because he is "not seeking a refund of the bill" but instead, is seeking $350,000 in actual damages and $250,000,000 in punitive damages. Sifuentes also seeks relief from judgment on the basis of "surprise" and "excusable neglect" because he intended to discuss these issues at the motion hearing on Goggle's motion to dismiss but the Court vacated that hearing. Had the Court conducted held the hearing, he contends, it might have let Sifuentes amend the complaint to establish diversity jurisdiction.

### III. DISCUSSION

The Court construes Sifuentes's motion as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or, in the alternative, a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.[2] The Court finds that Sifuentes is not entitled to relief under either rule.

#### A. Rule 59(e)

Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. The rule does not set forth specific ground for granting such relief, and the Ninth Circuit has found that district courts enjoy considerable discretion in granting or denying such a motion. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks omitted). Nonetheless, amending a judgment is "an extraordinary remedy which should be used sparingly." *Id*. (internal quotation marks omitted). A Rule 59(e) motion may be granted on the following grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id*.

Sifuentes has not pointed to any new evidence or intervening change in the law. Nor has he pointed to any manifest error of law or fact in the Court's order dismissing the case. Finally, he has not established any manifest injustice. Although he states that he might have persuaded the Court to allow him another opportunity to amend his complaint had the motion hearing not been vacated, nothing in the instant Motion suggests that the Court's determination under Civil Local Rule 7-1(b) that a hearing was not required constituted manifest injustice given that Sifuentes had filed an opposition to Googles motion that the Court considered in ruling on the Motion.

---

[2] To the extent that Sifuentes seeks leave to file a motion for reconsideration under Civil Local Rule 7-9, that request is denied because such a motion may be brought only before judgment has been entered on all of the claims in the case.

**B.     Rule 60(b)**

Under Rule 60(b)(1), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[,]" among other things. Sifuentes suggests he was surprised because the Court declined to hold oral argument and therefore, the Court should vacate the judgment entered in this case. However, Rule 60(b) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.' " ." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d 1097, 1103(9th Cir. 2006)). Here, Sifuentes had an opportunity to (and did) file an opposition brief. Moreover, there is nothing in his Motion that would have led the Court to reach a different result had Sifuentes made these arguments at the motion hearing. Therefore, Sifuentes has not shown that there are extraordinary circumstances that warrant affording relief from the judgment under Rule 60(b).

**IV.     CONCLUSION**

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  November 14, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge

4